JAMES LOUKIDES *v.* THE UNITED ILLUMINATING COMPANY ET AL.

ALCORN, C. J., HOUSE, COTTER, THIM and RYAN, Js.

Argued October 9—decided November 23, 1970

*Alexander Winnick,* for the appellant (plaintiff).

*Michael J. Dorney,* for the appellee (named defendant).

*Barry R. Schaller,* with whom, on the brief, was *William P. Simon,* for the appellee (defendant Fredricksen).

COTTER, J. The plaintiff, a New Haven policeman, sued to recover damages for personal injuries claimed to have been sustained when a gust of wind blew a helmet off the head of the defendant Arthur Fredricksen, an employee of the defendant The United Illuminating Company, and struck the plaintiff on the head. The plaintiff alleged in his complaint that the occurrence and his resultant injuries were caused by the carelessness and negligence of the defendant Fredricksen, an agent of the defendant The United Illuminating Company. The court directed a verdict in favor of both defendants and thereafter it denied the plaintiff's motion to set the verdict aside. Counsel have made no distinction

in the liability of the two defendants. The plaintiff
has appealed from the judgment and pursues, as the
sole assignment of error, the claim that the court
erred in denying his motion to set the directed ver-
dict aside. " 'In reviewing the action of the trial
court, in first directing and thereafter refusing to
set aside the verdict, we consider the evidence in the
light most favorable to the plaintiff.' " *Leary* v.
*Johnson,* 159 Conn. 101, 102, 267 A.2d 658. The
direction of a verdict is not favored. It "is justified
only 'if upon the evidence the jury could not reason-
ably and legally have reached any other conclusion
than that embodied in the verdict as rendered . . .
and if, had the verdict been rendered for the other
party, the evidence was so weak that it would be
proper for the court to set it aside.' " *Kirchner* v.
*Yale University,* 150 Conn. 623, 624, 192 A.2d 641.

The jury might reasonably have found the follow-
ing facts: On September 21, 1961, at about
7:45 a.m., the plaintiff, a police officer in the city of
New Haven, was performing traffic duty at an inter-
section in New Haven, during a severe windstorm.
Employees of the defendant, The United Illuminat-
ing Company, were in the area working on the
named defendant's poles and trees for the purpose
of removing and disengaging wires which had blown
down. While the plaintiff was performing his
duties, the defendant Fredricksen, hereinafter re-
ferred to as the defendant, and a coworker, George
Ott, were working as a team upon a pole which was
about seventy-five feet from the intersection. Both
men were wearing the same type of protective
helmet. The defendant was working on the upper
part of the pole approximately five minutes when
his helmet blew off his head and struck the plain-
tiff on the head. The defendant saw the helmet

as it floated through the air and when it struck the plaintiff. It was Fredricksen's belief that while his back was to the wind and he moved his body he might have ducked a little and a gust of wind lifted the helmet off the back of his head and when it did, the helmet came off through the front and it went off. During the time he had the helmet in his vision, the defendant did not see a chin strap attached to the helmet or a chin strap flying in the air. After the helmet struck the plaintiff it rolled away from him. The foreman of The United Illuminating Company crew picked up the helmet. A chin strap was not attached to it. A search was made by the foreman for the chin strap but it was never found.

The specifications of negligence in the complaint charged that the helmet was insecurely attached and that there existed a defective condition of the helmet and, in particular, that the chin strap was defective or that proper straps were lacking. There was evidence from which the jury could find that the events in question transpired during the course of a storm known as Hurricane Esther; that the intensity of the storm was such that tree branches and wires were down in sufficient numbers at the time so that crews were only cutting live wires clear and not attempting to restore service; that Fredricksen had difficulty at the time climbing the pole because of the wind and the rain; that the winds were stronger at the time when his helmet blew off than at any other time; and that there were gusts of wind at 34 to 42 m.p.h. from the north at 8 a.m., at 40 to 60 m.p.h. at 9 a.m. and at 25 to 48 m.p.h. from the north–northwest at 10 a.m. There also was opinion evidence before the jury, the admissibility of which we do not rule upon at this time in the absence of a finding containing the rul-

ings on evidence; see *State* v. *Allen,* 155 Conn. 385, 396, 232 A.2d 315; from which they could find that if the helmet was properly secured both as to its liner and chin strap it would not blow off in the heavy winds which were encountered on the day in question. If the evidence presented is in conflict, and more than one conclusion is reasonably open to the jury, particularly when it consists of oral testimony, if the jury may reasonably draw different inferences from the evidence, or if the court would be called to pass upon the credibility of witnesses or their testimony, a verdict should not ordinarily be directed by the court. *Terminal Taxi Co.* v. *Flynn,* 156 Conn. 313, 317, 240 A.2d 881; *Wood* v. *Wood,* 135 Conn. 280, 285, 63 A.2d 586; 53 Am. Jur., Trial, § 332. Every reasonable and legitimate inference favorable to the plaintiff fairly arising from the evidence considered as a whole should be entertained by the trial court and those facts should be assumed as true which the jury may properly find from the evidence. See *Lemmon* v. *Paterson Construction Co.,* 137 Conn. 158, 162, 75 A.2d 385; *Rappaport* v. *Rosen Film Delivery System, Inc.,* 127 Conn. 524, 526, 18 A.2d 362.

On all the evidence and the reasonable inferences to be drawn therefrom, the plaintiff's claims of negligence raised questions of fact which should have been left to the determination of the jury. The preferred procedure would have been for the trial court to submit the issues to the jury and consider the sufficiency of the evidence on a motion to set aside the verdict. *Santor* v. *Balnis,* 151 Conn. 434, 437, 199 A.2d 2.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.