RICHARD C. JEWELL *v.* MARJORIE E. JEWELL

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued October 17—decision released October 24, 1978

*Theodore A. Harris,* for the appellant (plaintiff).

*Thomas B. Wilson,* with whom was *Linda D. Loucony,* for the appellee (defendant).

PER CURIAM. The court rendered a judgment dissolving, on the ground of irretrievable breakdown, the marriage between the plaintiff and the defendant and committing to the defendant, subject to the right of reasonable visitation in the plaintiff, the care, custody and education of the two minor children. The only issues on appeal are the orders of alimony, support for the minor children and the transfer of jointly owned property to the defendant.

The finding, which is not subject to correction, is in part as follows: The plaintiff and the defendant

were married on October 20, 1950, and lived together for twenty-six years during which time they had four children, two of whom were minors at the time of the hearing. The marriage between them has broken down irretrievably.

The plaintiff is forty-five years old and is employed as a lithopressman at a gross pay of $288.25 per week. His net income is about $196, excluding deductions from his wages for retirement and savings and excluding a refund on income tax. These amounts do not take into consideration the times that the plaintiff works overtime. The defendant is forty-six years old, is unemployed and has no employable skills other than those relating to housework and common factory labor.

At the time of the dissolution, the parties jointly owned a single-family house, thirty to forty years old, and a separate building containing three three-room apartments. These premises were purchased in 1962 for $18,000. The plaintiff placed a $60,000 value on the premises. The trial court was uncertain as to its value. The mortgages amount to $22,436. The income from the apartments is insufficient to cover the expenses and mortgage payments of the property. To assist the defendant to maintain the home, her daughter and son-in-law moved in with her. Her children have helped the defendant financially.

The court ordered the plaintiff to pay $35 a week support for each of the two minor children, $40 a week alimony plus Blue Cross and CMS insurance for the benefit of the minor children. In addition, the court ordered the plaintiff to quitclaim all his interest in the jointly owned premises.

The plaintiff claims the orders of the court were excessive, arbitrary and in abuse of the court's discretion.

The standards for the court to consider with respect to General Statutes §§ 46-51 and 46-52 were reviewed in detail in *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 362 A.2d 835. No useful purpose will be served by reiterating what was stated in that case. It is clear from the findings that the court in the present action took into consideration the mandates of those statutes and was not arbitrary or in abuse of its discretion in the award for alimony or in the order of transfer of real property. In determining the award for support for the minor children, the court was guided by General Statutes § 46-57. Here, also, the court's discretion was not abused under all of the circumstances of this case. "[T]rial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant." *LaBella* v. *LaBella,* 134 Conn. 312, 318, 57 A.2d 627; *Valitsky* v. *Valitsky,* 168 Conn. 264, 266, 363 A.2d 60.

There is no error.