Nelia V. Stewart *v.* Frank D. Stewart

Loiselle, Bogdanski, Longo, Peters and Sponzo, Js.

Argued December 13, 1978—decision released May 1, 1979

*Jonathan L. Gould,* for the appellant (plaintiff).

*Dwight O. Schweitzer,* for the appellee (defendant).

Loiselle, J.    This is an appeal by the plaintiff mother from an order of the Superior Court granting a motion brought by the defendant father to modify the award of custody of two minor children to the plaintiff mother.

The court made a finding which is attacked by the plaintiff.    The attack revolves upon the court's failure to find specific facts claimed by the plaintiff and the finding of a fact which is claimed to be inconsistent with other facts found.

The plaintiff claims the trial court erred in failing to find the facts contained in the draft findings which showed that maintaining custody in the plaintiff was in the best interests of the children and that no material change in circumstances affecting their welfare had taken place. She also assigns as error the trial court's failure to accept as undisputed the testimony of Jacqueline Buck, the plaintiff's expert witness. The plaintiff claimed that, as an expert, Mrs. Buck testified to matters about which a layman could have no knowledge.

The draft findings that the plaintiff claims were erroneously omitted are based on the plaintiff's testimony or that of Charles Dunleavy, her fiance. The credibility of such testimony was for the court to determine. It was not error to refuse to include those draft findings in the finding. The ones that relate to the plaintiff's desire to retain custody, however, are undisputed and material and therefore we add them to the finding. *Simons* v. *Simons,* 172 Conn. 341, 343, 374 A.2d 1040 (1977); see also *Figlar* v. *Figlar,* 174 Conn. 151, 153, 384 A.2d 1 (1978); *LaBella* v. *LaBella,* 134 Conn. 312, 318, 57 A.2d 627 (1948).

Those draft findings which relate to the opinion of Mrs. Buck, the chief social worker at the Massachusetts Institute of Technology, where the plaintiff is employed, even if such evidence is considered as expert testimony, are not binding on the court. *Sibley* v. *Middlefield,* 143 Conn. 100, 108, 120 A.2d 77 (1956). "It was for the court, in the first instance, to decide in its discretion whether the experts had qualified. *Wray* v. *Fairfield Amusement Co.,* 126 Conn. 221, 224, 10 A.2d 600. Thereafter, it was for the court to determine what credence should be extended to those who had qualified. *Thaw* v. *Fair-*

*field,* 132 Conn. 173, 179, 43 A.2d 65." *Sibley* v. *Middlefield,* supra, 108. Although the court was not bound to accept her opinion, we now add the opinion to the finding as an opinion, as it was undisputed that that opinion was given and was a factor to be considered by the court for its ultimate conclusion.

The plaintiff argues that the court erred in refusing to admit evidence concerning the character and actions of the parties before the middle of 1975. Unfortunately, she has failed to comply with Practice Book, 1978, § 3028, and, as a result, the record is defective. The only reference to rulings in this regard is a paragraph in the finding: "Evidence prior to the time of dissolution was disallowed." In the absence of compliance with the specific provision of Practice Book, 1978, § 3028, requiring that "[w]hen error is claimed in rulings on evidence the draft finding and finding shall state in each instance . . . the question, the objection, the answer if any, and the exception," there is no basis on which we can consider the merits of that assignment of error. *John Meyer of Norwich, Inc.* v. *Old Colony Transportation Co.,* 164 Conn. 633, 635, 325 A.2d 286 (1973); *State* v. *Miselis,* 164 Conn. 110, 116–17, 318 A.2d 102 (1972). To support her argument, the plaintiff refers to ten pages from the transcript in her appendix. In reviewing this testimony, we find that when being cross-examined the defendant objected to inquiry into matters prior to the birth of the oldest child. Those objections were sustained on the basis that they were outside the scope of direct examination or irrelevant. Those rulings were within the discretion of the court and there is nothing in the designated portion of the transcript which would indicate otherwise. The plaintiff's counsel again tried to introduce predivorce evidence

on direct examination of the plaintiff when he asked: "Could you describe to this court in the early years of your marriage what it was like to live with Mr. Stewart?" The defendant objected that the divorce had already been litigated and the present issue was custody. The court sustained the objection. The same ruling was made as to the question whether the apartment where the parties lived was "a nice apartment." The rulings were within the discretion of the court. Another question related to whether the plaintiff was working. There is no indication as to whether the time the question referred to was before or after the divorce. Further, when the objection was sustained, the court stated in substance that there was no question of the plaintiff's right to custody prior to January, 1976, and that the plaintiff's custody of the children prior to that date was not in issue. It then apparently changed its mind after a colloquy with counsel which is unclear and allowed the substance of the question and that subject matter to be answered in considerable detail without interruption. The court was not in error on the rulings on evidence as briefed by the plaintiff. *Loukides* v. *United Illuminating Co.*, 160 Conn. 66, 69–70, 273 A.2d 719 (1970).

The plaintiff did brief her claim that the court erred in admitting into evidence the report of the family relations officer as a business record. Again the record indicates that there is no compliance with Practice Book, 1978, § 3028. The only reference in the finding to this item of evidence is: "Family Relations Officer Mark Patterson's report was admitted either as a business entry or as a court-ordered report." The plaintiff's brief refers to three pages of her appendix. All these pages show is that the report was offered as a business entry

and that no reason is given for the objection except reference to an earlier objection. The court asked for some explanation. None appears. The plaintiff's appendix to her brief indicates that the objection was that the report was hearsay. The court specifically stated that "[i]f counsel has objection to certain facets of that . . . I would apply the same reason that counsel would have the right to object to certain hearsay . . . it's incumbent upon the objector on that to bring that factor out." There is no indication that the plaintiff's counsel objected to specific sections of the report. The evidence printed in the plaintiff's brief supports the admission of the report under General Statutes § 52-180. Portions of the report were inadmissible because they contained hearsay statements. The court had informed counsel that it had not read the report but invited objections to any specific portions if they contained inadmissible evidence. The plaintiff, however, persisted in objecting to the entire report. This court has held: "Under these circumstances, if any portion of the report is admissible, such a general objection would not be sufficient. It was incumbent on the defendant to point out the inadmissible parts with specificity and to give reasons why the specified parts were not admissible. . . . It was not the court's duty to separate the inadmissible parts of the report from the admissible parts." *State* v. *Palozie,* 165 Conn. 288, 296, 334 A.2d 468 (1973); *Mucci* v. *LeMonte,* 157 Conn. 566, 571, 254 A.2d 879 (1969). Therefore, we find that the trial court was not in error in admitting the report of the family relations officer.[1]

---

[1] Practice Book, 1963, § 397, was amended on July 1, 1978; Practice Book, 1978, § 479; making family case study reports admissible if the author is available for cross-examination. This rule was not in effect when this case was heard.

The finding,[2] as amended by this court in accordance with the above discussion, reveals the following: A divorce was entered in favor of the plaintiff on February 9, 1973, with custody of the two minor children awarded to her and rights of reasonable visitation to the defendant. The two minor children are William B. Stewart, born December 27, 1966, and Timothy D. Stewart, born October 14, 1970. On January 23, 1976, after the defendant had picked up the children for his visitation, the plaintiff informed the defendant that the children were his. On February 6, 1976, the defendant moved for the custody of the children. The defendant kept both children for three weeks, but then took Timothy to stay with his paternal grandparents because the defendant did not have enough room in his home. A short time thereafter the plaintiff picked up Timothy from his grandparents and brought him home with her. Since then the boys have been separated: William has lived with his father and Timothy with his mother. They are, however, together on weekends.

The defendant has remarried and lives in a condominium in Rocky Hill. The plaintiff remarried in March, 1974, but was subsequently divorced. She now resides with her fiance in Wellesley, Massachusetts. Since January, 1976, she had been treated by a social worker specializing in psychiatric and social problems. Both homes have adequate facilities for the children. The plaintiff filed a motion for temporary custody in the Massachusetts Probate Court for Norfolk, but this was denied on April 12, 1977. The parties agreed that Alan Marks, a psychiatrist selected by the plaintiff, would examine the family and make recommendations concerning custody and

---

[2] The exhibits, including the family relations report, are a part of the finding.

that the parties would be bound by his decision. The plaintiff refused to abide by his recommendation that the defendant should have the children. A family relations study was ordered concerning the custody of the children. The report[3] recommended that custody of the children be awarded to the father. The social worker, connected with the Massachusetts Institute of Technology, where the plaintiff is employed, recommended that Timothy should remain with the plaintiff.

The court's conclusion was that it was in the best interests of both minor children that custody be awarded to the defendant father.

The plaintiff claims that there were no facts found or conclusions reached which showed material changes which adversely affected the children's welfare and best interests.

In *Sullivan* v. *Sullivan,* 141 Conn. 235, 240, 104 A.2d 898 (1954), this court enunciated the rule that there had to be a material change of circumstances after the order was issued before this court could consider whether there should be a change of custody. See *Raymond* v. *Raymond,* 165 Conn. 735, 737, 345 A.2d 48 (1974); *Cleveland* v. *Cleveland,* 165 Conn. 95, 100, 328 A.2d 691 (1973). This rule was amplified to allow the determination of change of custody even if no change of circumstances was found when it was shown that at the time of dissolution the court had focused its attention primarily on the termination of the marriage relationship and not on the best interests of the children. *Simons* v.

---

[3] The family relations report gives a detailed account of the activities of both parties and of the children. The report is a full exhibit and by discretion of the court was made a part of the finding. Practice Book, 1978, § 3027.

*Simons,* 172 Conn. 341, 345–347, 374 A.2d 1040 (1977). Moreover, in all the cases concerned with custody of minor children, the ultimate test is the best interests of the child. *Simons* v. *Simons,* supra, 347. The unilateral action of the plaintiff in turning over the children to the defendant, even though claimed to have been caused by financial difficulties, is a sufficient change of circumstance to make the question of custody reviewable. When faced with financial difficulties related to the support of children, a parent should attempt to resolve them by petitioning the court, which has continuing jurisdiction over the matter, rather than resorting to some unilateral action. The only remaining question is whether the court erred in deciding that the best interests of the children would be served by awarding custody to the defendant father.

The trial court had advantage of observing the witnesses and the parties. Moreover, it is vested with broad discretion in determining what is in the best interests of the children. A difference of opinion or judgment cannot justify an intervention by this court. "Nothing short of a conviction that the action of the trial court is one which discloses a clear abuse of discretion can warrant our interference." *Morrill* v. *Morrill,* 83 Conn. 479, 491, 77 A. 1 (1910); *Kearney* v. *State,* 174 Conn. 244, 252, 386 A.2d 223 (1978); *Spicer* v. *Spicer,* 173 Conn. 161, 162, 377 A.2d 259 (1977). The trial court had before it the testimony and the report of the family relations officer who had made an extensive inquiry into the custody issue. The actions, living conditions and marital relationship of the parties since the divorce were investigated and reported in detail. The recommendation was made that custody be in the father. The attorney for the children investigated

the parties. Part of his report was that the predominant complaint of the plaintiff was of a financial nature, yet the plaintiff admitted that no motion was ever filed for additional support for the children. The recommendation of the attorney for the children was that custody be in the father. There was the hearsay evidence of a psychiatrist chosen by the plaintiff and his recommendation that the father have custody. Even though such evidence is subject to scrutiny, the finding of the trial court that the parties agreed that they would be bound by the recommendation of a psychiatrist concerning custody and the subsequent rejection of the recommendation is not challenged in the plaintiff's brief. Only the psychiatric social worker was of the opinion that Timothy should remain with the plaintiff. All parties and witnesses agreed that the two children should be together. We have no independent grounds to review findings of fact in child custody cases. We have little or no discretion in determining what is in the best interests of a child once a record is made in the trial court. Based on the evidence presented, we do not find that the court erred in concluding that the best interests of the children would be to have custody awarded to the defendant father.

There is no error.

In this opinion the other judges concurred.