## CLARE G. JOY *v.* JAMES V. JOY, JR.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued May 9—decision released July 3, 1979

*James V. Joy, Jr.,* pro se, the appellant (defendant).

*James A. Trowbridge,* for the appellee (plaintiff).

PETERS, J. This case challenges the legality of a marital dissolution and the propriety of certain orders ancillary thereto. The plaintiff, Clare G. Joy, brought an action for dissolution of her mar-

riage to the defendant, James V. Joy, Jr., on the ground that irreconcilable differences between them had led to an irretrievable breakdown of their marriage. Although the defendant vigorously contested the existence of irreconcilable differences, the trial court rendered a judgment dissolving the marriage, awarding to the plaintiff custody of the children, support, and alimony, and ordering the transfer, to the children, of the defendant's interest in the jointly owned marital domicile. The defendant has appealed.

The main issue on this appeal is the constitutionality of General Statutes § 46-32 (Rev. to 1977) (now § 46b-40) insofar as it authorizes, in subsection (c), a decree of dissolution of marriage "upon a finding that . . . [a] marriage has broken down irretrievably." Despite the defendant's claims to the contrary, the evidence amply supports the trial court's factual finding of irretrievable breakdown. We decline, as have other courts that have considered the issue; *In re Cosgrove,* 27 Cal. App. 3d 424, 429–30, 103 Cal. Rptr. 733 (1972); *Riley* v. *Riley,* 271 So. 2d 181, 183 (Fla. App. 1972); *Mattson* v. *Mattson,* 376 A.2d 473, 475–76 (Me. 1977); to circumscribe this delicate process of fact-finding by imposing the constraint of guidelines on an inquiry that is necessarily individualized and particularized. "Since it is the marriage as a whole which is at issue, any evidence which bears upon the viability of the marriage is admissible, whether it be classified as objective or subjective." *Flora* v. *Flora,* 337 N.E.2d 846, 850 (Ind. App. 1975). The absence of objective guidelines does not mean an abdication of judicial function, nor does it signal, as the defendant argues, that a court determining whether a marriage has in fact irretrievably broken down is acting

purely ministerially or is granting a divorce "upon demand." It does, however, sustain the trial court's conclusion that the defendant's decision to rearrange his business ventures after the initiation of divorce proceedings does not necessarily repair the rupture in the marital relationship that had previously occurred.

The defendant claims that § 46-32 (c) is unconstitutional unless this court imposes judicial standards or guidelines to limit discretionary fact-finding by the trial courts of this state. We disagree. At least since *Maynard* v. *Hill,* 125 U.S. 190, 210–14, 8 S. Ct. 723, 31 L. Ed. 654 (1888), it has been clear that the legislature has plenary power to determine the circumstances under which a marital relationship is created and terminated. *Morgan* v. *Morgan,* 103 Conn. 189, 195, 130 A. 254 (1925); *Starr* v. *Pease,* 8 Conn. 541, 546–47 (1831). The legislature could rationally conclude that public policy requires an accommodation to the unfortunate reality that a marital relationship may terminate in fact without regard to the fault of either marital partner, and that such a relationship should therefore be dissoluble in law upon a judicial determination of irretrievable breakdown. Courts in other jurisdictions with similar statutes have unanimously upheld the constitutionality of no-fault divorce. See, e.g., *In re Walton,* 28 Cal. App. 3d 108, 112–19, 104 Cal. Rptr. 472 (1972); *In re Franks,* 189 Colo. 499, 505, 542 P.2d 845 (1975); *Ryan* v. *Ryan,* 277 So. 2d 266, 270–74 (Fla. 1973); *Desrochers* v. *Desrochers,* 115 N.H. 591, 593, 347 A.2d 150 (1975); note, 55 A.L.R.3d 581, 590–92 (1974). We concur in their judgments and hold that the defendant has not sustained his burden of demonstrating the unconstitutionality of § 46-32 (c). *Monroe* v.

*Monroe*, 177 Conn. 173, 180, 413 A.2d 819 (1979);
*State* v. *Olds*, 171 Conn. 395, 411, 370 A.2d 969
(1976); *Wilson* v. *Connecticut Product Develop-
ment Corporation*, 167 Conn. 111, 114, 355 A.2d
72 (1974); *Kellems* v. *Brown*, 163 Conn. 478,
486, 313 A.2d 53 (1972), appeal dismissed, 409 U.S.
1099, 93 S. Ct. 911, 34 L. Ed. 2d 678 (1973).

The defendant's second claim on this appeal chal-
lenges the order of the trial court that awarded to
the plaintiff the custody of their four children. In
determining issues of custody, the trial court is
vested with broad discretion to decide what is in the
best interests of the children. The defendant does
not contest this standard, but argues that the trial
court was obligated, under General Statutes § 46-42
(Rev. to 1977) (now § 46b-56(b) ),[1] to interview each
child before arriving at its decision. Although such
interviews may often be desirable, we are not pre-
pared to say they are invariably mandatory. The
defendant does not maintain that there was no other
evidence from which the trial court might appropri-
ately have discovered the wishes of the children
insofar as they were relevant to its determination
of their best interests. The defendant's claim falls
far short of making a showing that the trial court
abused its discretion; its findings of fact as to cus-
tody are therefore not reversible. *Stewart* v.
*Stewart*, 177 Conn. 401, 407–408, 418 A.2d 62
(1979); *Kearney* v. *State*, 174 Conn. 244, 252, 386
A.2d 223 (1978).

---

[1] Section 46-42 provided: "In making or modifying any order
with respect to custody or visitation, the court shall be guided by the
best interests of the child, giving consideration to the wishes of the
child if he is of sufficient age and capable of forming an intelligent
preference, provided in making such initial order the court may take
into consideration the causes for dissolution of the marriage or legal
separation."

The defendant's final claim of error relates to the order of the trial court mandating the transfer, to the children, of the defendant's interest in the family home in Darien. This property was jointly owned by the plaintiff and the defendant. Its transfer was part of a series of financial orders, awarding weekly support to the children and yearly alimony in the amount of $1.00 to the plaintiff. The trial court was not obligated to accept the suggestion of the defendant that he meet his financial responsibilities by having the property mortgaged to the plaintiff rather than transferred to the children. The defendant's concern that continuing rights of survivorship may present a potential cloud on the title are met by the provisions of § 47-14g of the General Statutes that automatically sever joint tenancies and convert them into tenancies in common upon dissolution. The trial court's order as to the property was, like its custody and support orders, well within its discretion; *Jewell* v. *Jewell,* 176 Conn. 222, 224, 405 A.2d 653 (1978); *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 584-85, 362 A.2d 835 (1975); and therefore must be affirmed.

There is no error.

In this opinion the other judges concurred.