RAYMOND P. TRUNIK *v.* KAREN A. TRUNIK

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued November 6—decision released November 27, 1979

*Thomas F. Brown,* for the appellant (defendant).

*Michael J. Whalen,* for the appellee (plaintiff).

PER CURIAM. The defendant mother is appealing from an order granting the plaintiff father's motion to modify the original custody award of their two minor children to the defendant mother. In making or modifying any award of custody, the trial court, here acting through a state referee, must be guided, pursuant to General Statutes § 46b-56 (b), by the best interests of the children. See *Stewart* v. *Stewart,* 177 Conn. 401, 408, 418 A.2d 62; *Simons* v. *Simons,* 172 Conn. 341, 348–50, 374 A.2d 1040. The defendant claims that the trial court erred

---

because the evidence was insufficient to warrant its conclusion that a change of custody would be in the children's best interests. In support of her claim, the defendant first contends that the trial court was not justified in failing to find certain facts contained in the draft finding, and asks that this court amend the findings to include a diffuse array of facts which are allegedly material and undisputed. The facts concern, inter alia: the children's behavior; the plaintiff's and his present wife's relationship while the plaintiff was married to the defendant and the plaintiff's admission that he failed to mention his ownership of a company in an affidavit filed with the court.

Any reason to include these facts is obviated, however, because it is clear from the finding and the memorandum of decision[1] that the trial court's order changing the award of custody was based on evidence which revealed: (1) that the plaintiff father had remarried and he and his present wife were capable of caring for his children; and (2) that while the children were home, the defendant mother, inter alia, frequently entertained a variety of nocturnal male visitors. The findings based on this evidence have not been challenged nor do the facts that the defendant would have us include in the finding contradict this evidence.[2] The trial court's failure to

[1] "We may properly consult the court's memorandum of decision to understand better its decision, to interpret its finding and to determine the grounds upon which it rested its judgment." *New Haven Water Co. v. North Branford,* 174 Conn. 556, 562, 392 A.2d 456; *Parham v. Warden,* 172 Conn. 126, 130, 374 A.2d 137; *Anonymous v. Norton,* 168 Conn. 421, 423, 362 A.2d 532.

[2] There is no indication in the record that the family relations division's report took into account the defendant's frequent nighttime visitors in arriving at its conclusion that no substantial change had occurred in the defendant's circumstances since her divorce from the plaintiff.

include certain findings does not constitute error when the only effect of such inclusion would be to present a more detailed recital of surrounding events which do not undermine the basis for the trial court's decision. See *Watrous* v. *Sinoway,* 135 Conn. 424, 428, 65 A.2d 473; *Kurtz* v. *Farmington,* 104 Conn. 257, 260, 132 A. 540.

The defendant next claims that the trial court erred in finding that a material change of circumstances had occurred. Such a change is usually a prerequisite for an order modifying custody. *Stewart* v. *Stewart,* supra; *Raymond* v. *Raymond,* 165 Conn. 735, 737, 345 A.2d 48; *Cleveland* v. *Cleveland,* 165 Conn. 95, 100, 328 A.2d 691; but cf. *Simons* v. *Simons,* 345-47 (determination of a change of custody permissible even if no change of circumstances found where it was shown that at the time of dissolution the court had not focused its attention primarily on the best interests of the child). Since there was sufficient evidence for the trial court to find that the defendant's conduct had changed significantly since the first hearing on the issue of custody, we cannot say that the trial court erred in determining that such conduct constituted a sufficient change of circumstances to make the question of custody reviewable when coupled with the fact that the plaintiff's remarriage placed him in a favorable position to care for his children.

The only question remaining is whether the trial court abused its discretion in deciding that the best interests of the children would be served by awarding custody to the father. The trial court had the advantage of observing the witnesses and the parties. Considerable evidence was presented con-

cerning the activities of the parties since their marital status was dissolved. In circumstances like these, whether the best interests of the children dictate a change of custody is left to the broad discretion of the trial court. *Joy* v. *Joy,* 178 Conn. 254, 257, 423 A.2d 895; *Stewart* v. *Stewart,* supra. A mere difference of opinion or judgment cannot justify the intervention of this court. "Nothing short of a conviction that the action of the trial court is one which discloses a clear abuse of discretion can warrant our interference." *Morrill* v. *Morrill,* 83 Conn. 479, 491, 77 A. 1; *Stewart* v. *Stewart,* supra; *Simons* v. *Simons,* supra, 349. There was evidence from which the trial court could have determined that a change to the father's custody was in the best interests of the children; thus we find no abuse of discretion.

There is no error.