[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR CUSTODY AND SUPPORT (#138)
The parties' marriage was dissolved by decree entered June 30, 1988 at which time the court found the parties' negotiated resolution was fair and equitable and in the best interest of each party and in the best interest of the children. The court ordered custody as follows:
 "Custody of the two minor children issue of this marriage is awarded jointly to the parties and the court will not fix a principal place of residence except with respect to the children the principal place of residence may be with either party and the children may be free to travel back and forth with the understanding that whichever parent the children reside with or stay with shall be responsible for seeing that they are properly transported to school, especially if one of the parents lives outside the school district in which the children are enrolled."
The two minor children are Barbara P.T. Tykarski, born 11/28/74 and Ernest J. Tykarski, born 1/20/77.
The plaintiff vacated the marital home two weeks after the decree was entered. She obtained $110,000 cash settlement from the defendant in exchange for conveying her interest in the marital home to the defendant. Upon the sale of the home, after certain expenses and agreed upon deductions, the defendant was to CT Page 2771 receive the first $110,000 of net proceeds. The property never sold and it has since been foreclosed.
The plaintiff purchased a home in Sandy Hook which she has occupied with her boyfriend since shortly after its purchase.
Prior to the hearing, the court appointed counsel for the minors. They were interviewed by counsel who then advised the court that both minors were capable of addressing the court as to their preference. Yontef v. Yontef, 185 Conn. 275, 183-284.
The daughter expressed dislike for the boyfriend as well as disapproval of her mother's conduct with this boyfriend for the daughter now believes the mother's relation with him existed before the dissolution and contributed to it. The daughter wishes her sole residence to be with her father and that he be her sole custodial parent.
The son lived with his mother for five or six months immediately after the dissolution before moving to and remaining with his father. He visits his mother on a regular basis. He too wishes to have one sole residence with his father.
The parents of these two children haven't spoken to one another in two years.
The plaintiff urges the court to deny this motion on the basis that no change in circumstances has occurred, relying on Raymond v. Raymond, 165 Conn. 735 which cites Cleveland v. Cleveland, 161 Conn. 452 for the general rule giving effect to the principle of res judicata. The following quote from Hall v. Hall,186 Conn. 118, at p. 122 sets out the bases for reconsidering a custody order contained in a final judgment.
 "After the final decree, this court has limited the broad discretion given the trial court to modify custody orders under General Statutes Section 46b-56 by requiring that modification of a custody award be based upon either a material change of circumstances which alters the court's finding of the best interests of the child; Trunik v. Trunik, 179 Conn. 287, 289-90, 426 A.2d 274 (1979); Cleveland v. Cleveland, 165 Conn. 95, 100, 328 A.2d 691 (1973); Tippin v. Tippin, 148 Conn. 1, 3, 166 A.2d 448
(1960); Sullivan v. Sullivan, supra, 239; or a finding that the custody order sought to be modified was not based upon CT Page 2772 the best interests of the child. Stewart v. Stewart, supra, 407; Simons v. Simons, 172 Conn. 341, 348, 374 A.2d 1040 (1977)."
From the transcript of the entry of final judgment available to and examined by this judge as part of the present hearing, a reasonable inference is drawn that at the time of entry of judgment, the court had focused its attention primarily on the termination of the marriage and not on the children's best interests. By ordering joint legal custody without designating a place of principal residence for the children, the parties' common law rights and responsibilities as parents were unaffected. Simons v. Simons, 172 Conn. 341, 347-348.
The long term live-in boyfriend that the plaintiff lives with, coupled with the fact that the children have resided with the father as the defacto custodial parent furnish enough evidence to conclude that a change in circumstances has occurred. The foundation for the defendant's motion has been laid. Next, the court must consider if it is in the best interest of each child that custody be modified, Section 46b-56 (b) Connecticut General Statutes; Trunik v. Trunik, 179 Conn. 287. Based on the evidence now before the court, this court finds that it is in the best interest of each minor child that custody be modified.
It is hereby ORDERED, that joint legal custody is terminated and sole legal custody of both children is awarded to their father, and reasonable visitation rights are awarded to their mother. The child support order entered as part of the final judgment is vacated.
The plaintiff's financial affidavit lists net weekly income of $560. The defendant's financial affidavit lists net weekly income of $253. The combined net weekly income is $813. The Connecticut Child Support guidelines provide that 44.20% of such income is necessary for the support of two minors over 12 years of age, or $360 weekly. The plaintiff's share is 69% or $248 weekly. The plaintiff is ordered to pay to the defendant the sum of $124 weekly for each minor child, said order to be secured by a wage withholding ordered pursuant to Section 52-362, Connecticut General Statutes, first payment due on March 27, 1991.
The plaintiff shall continue to cover the minor children on her medical insurance but at the defendant's expense, who shall be provided billings for premiums due. This order is subject to Section 46b-84 (c) Connecticut General Statutes.
HARRIGAN, JUDGE CT Page 2773