[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de MOTION FOR MODIFICATION OF CUSTODY (#111)
The defendant father has moved to modify the custody order entered on July 11, 1986 as part of the final judgment which awarded sole custody of Erica, born September 27, 1981 and Karen, born August 15, 1985, to the mother. The defendant was awarded visitation rights which he has actively exercised.
The plaintiff continued to reside in the former marital home located in Oxford, Connecticut until last August when it was sold and she and the children then moved to her parents' home located in Shelton.
In September 1992 the plaintiff gave her employer two weeks' notice that she was resigning her position as of September 25, 1992. The plaintiff has plans to marry a man she has been seeing for some time who left Connecticut and who now operates a marina in Florida where the plaintiff intends to work. However, her intended husband Mr. Sig Fueurman has not obtained a dissolution of his present marriage. Therefore, the plaintiff plans to use temporary quarters in Mr. Fueurman's partner's home until such time as she has obtained her own home. CT Page 1411
When the defendant learned that the plaintiff planned to relocate to Florida with the children, he brought the present modification seeking a change in custody. The defendant objects to the children moving to Florida.
There is no question that the defendant has maintained an ongoing relationship with both children. The court has some concern that the defendant's attention is more acutely focused on the older daughter.
It is conceded by both parties and by the witnesses that the two children are close and the court finds no reason to order any split of custody.
There is no question but that the plaintiff's planned move to Florida, once accomplished, will disrupt the week to week visitations the defendant has had with his daughters.
The plaintiff initially introduced the proposed move to the children by telling them she had been asked to marry Mr. Fueurman, and that she was planning to join him in Florida, taking them with her. When the plaintiff began to implement her plan, the defendant moved for change of custody in September, 1992. An attorney was appointed on September 28, 1992 to represent the minors, Yontef v. Yontef, 185 Conn. 156.
The evidence shows that the children have been well cared for by both parents. During the father's visits the mother calls only if necessary thereby allowing uninterrupted time for the children to visit with the father. While with the father, he has worked with each child developing manual skills such as carpentry and in bringing the older child to business meetings. Neither parent has engaged in the destructive behavior of attacking the other parent ad hominem. Unfortunately, the defendant began to undermine the plaintiff's moving plans by raising the issue of the quality of the Florida school system with the children.
On or about the fourth day of October, 1992 the older child began living with the defendant.
The children were in the Oxford school system last school year. They are entered in the Shelton school system this year. Karen made a better adjustment than did Erica when the present school year began. CT Page 1412
Issues over Erica's attire and how quickly she will make the transition from childhood to teenager divide the parents at the present time. The plaintiff is more conservative and restrictive. It is natural for the child to seek the approval of the defendant who is less restrictive. The court has concluded that the defendant has not fostered Erica's continuing relationship with her mother since obtaining de facto custody in October. For example, the defendant remained at his home on Halloween handing out candy while his children went trick or treating with his friend. He did not encourage a visit to their mother.
The court interviewed the older child under conditions agreed to by all parties. Erica is a bright, articulate young girl who has the appearance of self confidence and independence. Other witnesses confirm this assessment.
The plaintiff has been the custodial parent since the dissolution. It is correct that this hearing is the initial inquiry into custody.
A geographical relocation, by itself, is not sufficient basis to modify a custody order. Presutti v. Presutti, 181 Conn. 622. Adjustments to the visitation schedule and to the child support award can be made to facilitate visitation after the custodial parent moves to another state, Raymond v. Raymond, 165 Conn. 735.
In considering this motion, the court must be guided by what is in the best interests of the children, Stewart v. Stewart,177 Conn. 401, Spicer v. Spicer, 173 Conn. 161; Simons v. Simons,172 Conn. 341.
The material change of circumstances urged upon the court in this case is the relocation of the plaintiff to Florida. The court finds that such move does not convince the court that the best interests of the children are so impacted to justify modification of custody, Trunik v. Trunik, 179 Conn. 287. The evidence does not demonstrate that the original order was not in the best interests of the children, Stewart, supra. The court has not found sufficient basis to modify custody, Hall v. Hall,186 Conn. 118.
The defendant's motion is denied. The older child shall be returned to the actual custody of the plaintiff mother. In the event of appeal, the custody order of the judgment shall remain in effect. CT Page 1413
HARRIGAN, J.