[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on cross-motions to modify custody and visitation of three minor children.
On January 4, 1993 the marriage between the parties was dissolved. Joint custody of the minor children was ordered with the plaintiff having primary residence.
The children involved are:
Stefanie, dob September 22, 1981
Toni, dob November 5, 1984
Geoffrey, dob June 29, 1982
It is stipulated that Stefanie, now age 14, has been living with her father for almost one year at this time. Stefanie is alienated from her mother, and blames her for the dissolution. After being struck by the mother's new husband she moved to her father's home and has no association with the mother. CT Page 8865
It is also stipulated that Toni will reside with her father. It is her wish to do so and the parents are in agreement.
The issue is whether Geoffrey, now seven years old, should also reside with his father or remain with his mother.
The Court, over a three day hearing, heard testimony from Bruce Freedman, P.H.D., a licensed psychologist retained by the mother who testified that, in his opinion, Geoffrey's best interest would be served by continuing his primary residence with his mother. While he foresaw the inevitability of Geoffrey moving in with his father in the future, he believed that because of his young age, he would be better nurtured by the mother. But he also said that Geoffrey expressed a wish to live with his father. This was said to the witness during his evaluation.
On the other hand, the attorney appointed to represent the children's interest recommended that Geoffrey's primary residence be with the father. Also a custody evaluation prepared by the Family Relations Officer recommends a change of primary resident to the father.
In addition to Dr. Freedman and Brendan Moriarty (the family relations counselor), the Court had the testimony of the parties; Karen Adams, a neighbor of the father; Chris Rowe, the mother's present husband; Cynthia Fleischer and Stephen Fleischer, friends of the Schwarzenbachs. The Court also heard testimony from Stephanie and Toni in a closed setting.
Subsequent to a decree of dissolution, the trial court can modify custody orders upon a showing of a material change of circumstances which alters the court's finding of the best interest of the child, Trunik v. Trunik, 179 Conn. 287 (1979) (or where the original order was not based on the best interests of the child.)Simons v. Simons, 172 Conn. 341, 348 (1977).
The Court finds there has been a substantive change in circumstances since the dissolution.
The mother has remarried, has a child of the new marriage and is expecting another. Geoffrey is separated from his oldest sister and will be separated from both as soon as Toni physically moves, (which will be prior to school reopening).
There is evidence that Geoffrey is close to his sisters and he CT Page 8866 will certainly miss them, especially when Toni moves.
The Court has carefully considered the factors presented by the parties and other factors suggested by case law in determining the best interests of Geoffrey.
Each parent could provide an appropriate home for Geoffrey. Each has appropriate parental ties to him. Although parenting methods differ, both parents suitably discipline and nurture Geoffrey. In short, either party would be a good primary parent.
The Court is persuaded, that Geoffrey will have a more stable, less stressful life with his father for the following reasons.
Within two weeks after the parties separated, the mother had a succession of male callers at the house. Both daughters found this unsettling but the mother appears to have made their concerns secondary. Her current husband was about the fifth of a series of men she dated for short periods and she married him after a very brief courtship. His attempt to discipline and exert his authority over Stefanie even before they were married was a contributing factor to the estrangement of Stefanie with the mother.
The father moved to modify custody in 1993 when he learned that the mother and Chris Rowe were planning a move to Florida. She was ordered not to relocate the children. Rowe works for a large construction company and is now working in Providence, R.I. He commutes every day. He had been working in Boston, but the commute was longer so he transferred to a Providence job at a substantial cut in pay. They would like to move closer to his work but have not done so because of the litigation. Nonetheless there is a pressure on the family to move if and when they can. Even the plaintiff's expert recommends that Geoffrey live with his father if that event occurs.
The defendant currently spends 20 to 25 days a month with his children, thus his relationship is more akin to shared custody that a standard visitation schedule.
He has visitation every Tuesday and Thursday evening and every weekend from Friday at 6:00 PM to Sunday at 6:00 PM.
The Court has considered whether Geoffrey will have more stress from changing residences or being separated from his sisters, with whom he has a close relationship. Either way there CT Page 8867 will likely be some stress, but the Court agrees with the attorney for the children and the family relations officer that being with his sisters offers more stability to him. The father earns about $80,000 per year. He has flexible hours and has appropriate plans for day care for the children. He lives in a condominium or apartment complex that has recreational facilities and other children for Geoffrey to play with. The father has been totally committed to his children and attends to their school, health and recreational needs.
Accordingly, the Court modifies the judgment of dissolution by changing the primary residence of all three minor children to the defendant father. The parties shall arrange the change within a reasonable time, but within 2 weeks of this decision. (The parties shall continue to have joint legal custody).
The Court will not order visitation to the mother of Stefanie, but will express the hope that Stefanie would agree to visiting her mother. Under the circumstances, however, an order would seem unwise and even detrimental to the chance of reconciliation.
The mother shall have reasonable visitation with Toni and Geoffrey to include, but not necessarily limited to:
 1. Alternating weekends from Friday at 6:00 PM when mother shall pick-up the children at father's residence until Sunday at 6:00 PM when father shall pick up the children at mother's residence.
 2. Two weekday evenings from 5:00 PM to 8:00 PM, to be arranged around the children's schedule, with the parties to alternate transportation, the mother one day, the father the next.
 3. Each party shall be entitled to a minimum of two (2) weeks vacation with the children during summer school vacation.
 4. The parties shall alternate Christmas Eve and Christmas Day with mother having Christmas Eve 1995 and father Christmas Day. The times shall be reversed for 1996 and reverse each year thereafter.
5. The parties shall share the children's birthdays. CT Page 8868
 6. The parties shall have the children on their (the parties) respective birthdays
7. Mother's day shall be spent with mother.
8. Father's day shall be spent with father.
 9. The parties shall alternate on a yearly basis, New Year's Day, Memorial Day, Fourth of July, Labor, Thanksgiving and Easter Sunday.
 10. The mother shall have three consecutive weekdays of visitation during non-summer school vacations of one week or longer.
In the event the mother relocates from the State of Connecticut, the parties shall attempt to agree on a new visitation schedule. If they cannot agree, the matter shall be referred to Family Relations for mediation.
Any orders in the decree of dissolution not amended by this order shall remain in full force and effect.
The mother is not ordered to pay child support. She is unemployed and the father has the financial ability to support the children at this time.
If either party plans to relocate in the future outside the State of Connecticut with one or more of the parties' minor children, the party relocating must provide the other party with ninety (90) days advance notice by certified mail, return receipt requested.
Both parties shall enroll in and complete the Connecticut Parenting Education Program within 90 days. The clerk's office shall schedule this matter for compliance hearing on a short calendar after 90 days from this decision. Written confirmation of the completion of the program, filed with the Court prior to the date of hearing, will excuse that party from attendance at said hearing.
Klaczak, J. CT Page 8869