[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 11687
The plaintiff wife, whose birth name is Oliver, 46, and the defendant, husband, 49, married on June 14, 1975 in Weston, Connecticut. Two children have been born, issue of the marriage. Michael, the older child, is an adult. The younger child is Lauren Kimberly, born March 3, 1983. The parties have made a written stipulation dated September 23, 1998 wherein the parties have agreed to joint legal custody with physical custody of the minor remaining with the plaintiff. The defendant is to have reasonable and flexible visitation. The court will enter orders as part of the judgment reflecting the stipulation.
The plaintiff was employed as an assistant to a commodities broker during the marriage until Michael was born on June 21, 1980. Her salary was about $15, 000 annually. She then was a homemaker until the younger child entered the third grade when she began working as a part-time special education teacher at Staples High School for a period of two school years. The plaintiff has a B.S. degree in special education. After another year as a homemaker she returned to work as a nursery school teacher where she continues to work part-time, earning between $12,500 and $13,000 annually. To regain her teaching license she now needs additional retraining, for her earlier license has expired.
The defendant has been employed by Pitney Bowes since he graduated from college. Since August, 1993 he is Director, Procurement Mailing with an annual salary of $108,000. He has received a bonus of $30,000 annually for 1995, 1996 and 1997, each received in the following February.
The parties purchased their marital home two years after their marriage, a parcel known as 215 East Rocks Road, Norwalk, Connecticut. The plaintiff assigns a current fair market value of $275,000 while the defendant assigns a current fair market value of $295,000. The court finds the fair market value to be $280,000. It is subject to a mortgage balance of $16,000. The plaintiff and the children have been occupying the home since March, 1994 when the final separation occurred. For the following three years the defendant lived in a rental. In October, 1997 he purchased a condominium unit known as 71 Aiken Street, Norwalk. He values the unit at $138,000 which is encumbered by a mortgage balance of $111,000. The down payment was obtained from his parents. CT Page 11688
The plaintiff's remaining assets consist of a 1995 Subaru Legacy valued by her at $13,000; jewelry valued by her at $1,000; a bank account containing $600; an IRA containing $2,000 and an an undivided interest in 4583 shares of Pitney Bowes stock owned jointly with the defendant.
The defendant lists a 1996 Nissan Maxima valued by him at $8,800; bank accounts containing a total of $4,211; one-half interest in the Pitney Bowes stock described above; an IRA containing $12,791; a 401k plan containing $63,365 net a loan of $30,000 and a Pitney Bowes pension to which the defendant has assigned no value. The last item is property within the meaining of § 46b-81 subject to assignment. Krafick v. Krafick,234 Conn. 783.
Marriages sometimes break down irretrievably without fault due to the emergence of irreconcilable differences between the parties. Hardisty v. Hardisty, 183 Conn. 253, 265. The case citesJoy v. Joy, 178 Conn. 254 with approval. That earlier case commented at p. 256, that
 ". . . a marital relationship may terminate in fact without regard to the fault of either marital partner . . ."
This court finds that situation existing in the present case. A dispute arose over the plaintiff's having a cassette of the movie,"Basic Instinct", rated R, in his auto and found there by the plaintiff. This is symptomatic of the divergence of views each party has as to how to conduct one's life. The plaintiff destroyed the cassette. The court finds that the marriage has broken down irretrievably without fault being assigned unequally.
The plaintiff has received annual gifts from her parents, each parent giving $10,000 in 1997 and 1996. In 1995 her father bought her a car. In 1998 her mother paid for curtains and other decorating items totaling about $8,000 to $10,000 as estimated by the plaintiff The defendant urges the court to apply Unkelbach v.McNary, 244 Conn. 350 (1988) to this case. This court finds that case not in point.
Having reviewed the evidence in light of the statutory criteria contained in § 46b-82 and § 46b-82 the court enters the following decree. CT Page 11689
1. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown. Each party is declared to be unmarried.
2. The court assigns the defendant's interest in 215 East Rocks Road, Norwalk Connecticut to the plaintiff who shall be solely responsible for the payment of the remaining mortgage balance. The contents of the home are awarded to the plaintiff as her sole property. If the defendant has not tendered an executed quit-claim deed within 30 days of entry of judgment, title may be transferred according to the applicable statutes.
3. The defendant shall retain his condominium unit, his Pitney Bowes pension, his bank accounts, his IRA, his 401k plan and his auto.
4. The plaintiff shall retain her 1995 Subaru, her bank account, her IRA and her jewelry.
5. The Pitney Bowes stock is ordered divided so that the plaintiff is sole owner of half the shares and the defendant is the sole owner of half of shares.
6. The plaintiff's net weekly income is $197 and the defendent's net weekly income is $1,636. The court notes that the combined net weekly income of $1,833 exceeds the schedule maximum of $1,750 by $83. The court applies the presumptive minimum of $327 for one child, allocated 90% to the defendant or $295 weekly due plaintiff from the defendant. A wage withholding order is entered.
7. The defendant shall pay to the plaintiff, as periodic alimony, the sum of $200 weekly, payable until the plaintiff's remarriage, the death of either party, further court order or October 15, 2008. The term is non-modifiable in any event. The provisions of § 46b-86 apply to this order. A wage withholding order is entered.
8. The parties' stipulation regarding custody and visitation is ordered (copy attached hereto).
9. Each party shall be solely responsible for the liabilities each has listed on the respective financial affidavits. CT Page 11690
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.