[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 48, whose birth name is Crawford, and the defendant husband, 48, married on August 23, 1973 in Greenwich, Connecticut. Jurisdiction is founded on the plaintiff's continuous residence in this state for over one year prior to the commencement of this action for dissolution of the marriage and other relief. They have four minor children issue of their marriage. Derek, d.o.b. December 13, 1980; Christian. d.o.b. May 29, 1984; Hayley, d.o.b. December 17, 1985 and Heidi, d.o.b. September 21, 1989. No other child has been born to the plaintiff since the marriage. They are both in good health.
The defendant began his banking career at J.P. Morgan in 1974. He is now a Managing Director with a base annual salary of $225,000.00. The defendant's 1998 compensation and benefit statement (Plaintiff's Exhibit #1) summarizes his executive compensation as follows before taxes:
"Current Annual Compensation
 Annual cash compensation Base salary (effective 1/9/98) $ 225,000 Cash incentive compensation 607,500 Total $ 832,500
 Annual deferred compensation Stock bonus award 392,500
Total current annual compensation $1,225,000"
From the cash portion of the bonus his employer withheld $236,955 for taxes. The defendant estimates there is an additional tax liability of $73,270 as shown on his affidavit.
The plaintiff lists the following deductions from his base salary:
Monthly Gross $18,750
 Less: Federal tax $5,757 N.Y. State tax 1,060 N.Y. City tax 64 S.S. and Medicare 1,546 Disability insurance 195 Med/Dental Insurance 163 Ct. Income tax 482 9,267
CT Page 12939 Monthly net salary $ 9,483
The defendant has additional income from interest dividends and director's fees of $1,750 monthly gross and $875 net after taxes. He lists average net monthly net income as $32,476 on his affidavit after averaging in 1994-1997 incentive compensation.
He has the following sums of deferred compensation. The defendant's 401k deferred profit sharing plan was valued by defendant at $909,385 as of September 25, 1998. He has vested 2,434 shares of J.P. Morgan stock as of September 25, 1998 valued at $216,474 on his financial affidavit. They are available only upon retirement or departure from the company.
The defendant's stock options that are not yet exercisable are listed on his affidavit as follows:

 Shares Value Vests
 1995 3,114 $276,951 1/15/99
 1996 3,365 299,275 1/15/00
 1997 3,868 344,010 1/22/00
 10,347 $920,236

The defendant also has an IRA at Scudder Stevens listed at $69,411.
The defendant is provided a group term life policy by his employer in the face amount of $450,000 without cost to him. The plaintiff is designated primary beneficiary. The defendant also owns several universal life insurance policies totaling $145,000 having a cash value of $33,576. The plaintiff is named beneficiary on $140,000 of the policies.
The defendant has been granted 35,334 options that are currently exercisable which he values at $743,756. He has been given J.P. Morgan stock awards totaling 15,666 that are not yet exercisable valued by defendant at $31,058.
The defendant has 10,347 shares of J.P. Morgan stock, unvested and deferred, valued at $920,236.
He lists as deferred incentive compensation balances that are vested but not available until retirement or departure from CT Page 12940 employment the following:
 Balanced Account $447,913 Deferred Income Benefit (DIBA) $339,920 IM Long Term Award Plan $127,443 Lump sum value of retirement account (i.e. pension) $448,646
At age fifty, the retirement plan would pay $40,200 annually on joint and 100% survivorship benefit election.
The parties' marital residence located at 117 Frogtown Road, New Canaan, was appraised on two occasions at the defendant's request. The court accepts the defendant's figure of $1,775,000 as the fair market value. It is subject to a mortgage of $450,278 and a home equity loan of $25,000. The net equity is $1,299,722.
The defendant recently purchased a home known as 222 South Avenue, New Canaan that he values at $595,000.00, subject to a $394,297 mortgage balance. The net equity is $200,703. He also lists as assets 2,256 shares of J.P. Morgan stock, valued at $200,643 on his affidavit; $269,623 on deposit with People's Bank and a second account there labeled tax account containing $31,299; and 150,000 frequent flyer miles.
The parties jointly own a Schwab investment account valued at $252,344 and the contents of their homes.
The plaintiff has a Scudder IRA she values at $11,120 and a 1998 Volvo GLT wagon valued at $40,000 by her.
The plaintiff maintained the parties' home and has been the primary caretaker of their children. She is currently working as a substitute teacher earning $202.50 monthly.
All of the assets have been accumulated during the marriage.
As to the cause of the marriage breakdown, the following quote is appropriate from Hardisty v. Hardisty, 183 Conn. 253,265:
 "We have come to accept the unfortunate reality that marital relationships sometimes break down irretrievably without fault due to the emergence of irreconcilable differences between the marital parties. Joy v. Joy, 178 Conn. 254, 256, CT Page 12941 423 A.2d 895 (1979)."
The court finds that the defendant will have the much greater opportunity to continue to acquire assets in the future.
Having reviewed the evidence in light of the statutory criteria found in § 46b-81 and § 46b-82 as well as relevant case law, the court enters the following decree.
1. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown.
2. The parties shall have joint legal custody with all four children residing with the plaintiff. The defendant is given reasonable visitation rights.
3. The defendant shall continue to provide medical and dental insurance coverage through his employer as heretofore and he shall pay any deductibles or uninsured bill balances incurred for the children's health care needs. The defendant shall cooperate with the plaintiff if she elects COBRA coverage. Section 46b-84(d) applies to this paragraph.
4. The defendant shall continue to maintain the plaintiff as sole primary beneficiary on his $450,000 life insurance policy provided by his employer for as long as he is obligated to pay periodic alimony to the plaintiff. That so long as he is employed by J.P. Morgan or any subsequent employer and has an obligation to pay alimony to the plaintiff he agrees to and shall provide additional life insurance of $650,000 naming the plaintiff as sole primary beneficiary until he attains age 60. The current coverage of $450,000 shall be maintained until age 65. This paragraph is modifiable.
5. The defendant shall pay to the plaintiff as periodic unallocated alimony and child support the sum of $20,000 monthly until the death of either party, the plaintiff's remarriage, or future court order. Section 46b-86(b) applies to this order.
6. The plaintiff is awarded the defendant's interest in 117 Frogtown Road, New Canaan, Connecticut. The plaintiff shall hold the defendant harmless from any liability thereafter arising from plaintiff's ownership of the real estate. If a property executed quit-claim deed is not tendered by the defendant within 30 days, the transfer may be completed pursuant to statute. The contents CT Page 12942 are awarded to plaintiff as her sole property.
7. The defendant shall retain the property located at 222 South Avenue, New Canaan, Connecticut as he solely. The contents are awarded to defendant as his sole property.
8. The plaintiff shall retain the Volvo Automobile as her sole property.
9. The parties are each awarded 50% of the following assets.
a) Schwab joint account
b) People's PMA account
c) Defendant's 401k at J.P. Morgan
d) Plaintiff's Scudder IRA
e) Defendant's Scudder IRA
f) Vested deferred J.P. Morgan stock
g) Unbelted deferred J.P. Morgan stock
h) Exercisable J.P. Morgan options
i) Non-exercisable J.P. Morgan options
j) Frequent flyer miles
10. The defendant is awarded as his sole property:
a) People's tax account $ 31,299
b) Balanced account 447,913
c) DIBA 339,920
d) J.P. Morgan stock (2,256 shares) 200,642
e) IM Long Term Award 127,443
f) Universal Life Insurance policies $145,000 33,576 CT Page 12943
11. The defendant's retirement plan, which is his defined benefit pension, is ordered divided equally between the parties. The court retains jurisdiction to sign any required QDRO to effect the division.
12. The plaintiff shall be solely responsible for her liabilities listed on her financial affidavit.
13. The defendant shall be solely responsible for the liabilities listed on his financial affidavit.
14. The plaintiff shall assign one dependency exemption to the defendant each year to aid his filing as head of household unless or until he remarries.
The court retains jurisdiction in order to enter any additional orders necessary to effect the division of property ordered supra.
A wage withholding order is mandated by current law and is so ordered. The parties may make this order contingent by agreement or the defendant may move for a stay and hearing as allowed by current law.
Counsel for the plaintiff shall draft the judgment file.
HARRIGAN, J.