[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: IRRETRIEVABLE BREAKDOWN
This is an action for dissolution of marriage brought by the plaintiff husband against the defendant wife. The action was commenced on April 22, 1999, by service upon the defendant's attorney who accepted service on her behalf. This is the second action brought by the plaintiff, the first action having been commenced in 1997 and subsequently withdrawn in 1998. The reason advanced for the withdrawal was the reconciliation of the parties.
The plaintiff alleges irretrievable breakdown of the marriage. The CT Page 11778 defendant disputes this allegation and claims that. she does not believe the marriage is irretrievably broken down. On September 12, this matter came before the Honorable B. J. Sheedy for a status conference who ordered that the issue of irretrievable breakdown be tried as a separate issue before the court. This matter was referred to the undersigned and tried on September 20.
The plaintiff has testified that the marriage has broken down irretrievably and that there is no hope of reconciliation. He has testified that the problem is the defendant's personality." He alleges the defendant has a very bad temper and is very argumentative and that they do not communicate. He has testified that the police have been called on numerous occasions and nine incident reports have been placed in evidence. (Plaintiff's exhibit A.) of these reports, four involve the same incident on December 27, 1997; two involve the same incident on December 3, 1997; and two more are in early 1999. The two in early 1999 preceded the commencement of this action.
On April 21, 1999, the plaintiff obtained an ex parte restraining order against the defendant. At that time the defendant also received a protective order from the G. A. court and, on May S, 1999, the Honorable Lloyd Cutsumpas issued mutual restraining orders. (See docket file FA99 036 23 45 5.) It appears that the plaintiff was arrested. The plaintiff in his affidavit has stated the defendant was threatening and harassing daily by telephone and that this was "ongoing" approximately one year.
The parties have been "going together" for fifteen years. The plaintiff is thirty-five years old and in good health. The defendant is thirty-seven years old and emotionally very distressed. She claims to have been so distressed for the past two and a half to three years. She was very sick during the summer of 1999 when she was pregnant with their son. The plaintiff's mother came from California and stayed with the plaintiff and the defendant during this period to care for the defendant.
In Eversman v. Eversman, 4 Conn. App. 611 (1985), the court stated:
 General Statutes § 46b-40(c)(1) provides that a decree of dissolution of a marriage shall be granted upon a finding that the marriage has broken down irretrievably. . . .
 The term "irretrievably" is not defined in our statutes. . . . [A]ny evidence which bears upon the viability of the marriage is admissible whether it be classified as objective or subjective. The determination of whether a breakdown of a marriage is CT Page 11779 irretrievable is a question of fact to be determined by the trial court. Joy v. Joy, 178 Conn. 254, 255, 423 A.2d 895 (1979)
The parties are living together at the present time. They sleep together in the same bed. When this matter was tried on September 20, they had had sexual relations as recently as two days before. Defendant testified they had had such relationships on average three times per week and sometimes more. The plaintiff testified it had been about ten times since this action was commenced.
Plaintiff opened a joint checking account on Monday, September 11. Plaintiff claims that it was for convenience in paying bills so that he could simply deposit money to the account and she could then pay the bills.
The defendant testified she did not believe the marriage was broken down irretrievably. She says she is very confused because of the mixed signals the plaintiff is sending. She sums up this matter very succinctly by stating: "He wants to divorce me on paper but not in reality."
While the court fully understands that if one party believes the marriage is broken down, the marriage must be broken down. However, in this case the plaintiff while professing that the marriage is broken down is not behaving like it is. I agree with the defendant, the plaintiff wants a divorce on paper but not in reality.
The court finds that there is the possibility of reconciliation and that the marriage is not finally broken down. The court orders that the parties appear before a family relations officer or officers for the purpose of attempting a reconciliation pursuant to the provisions of § 46b-10 of the General Statutes. The parties shall contact Family Relations and arrange for such conference or conferences as may be determined.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE