## IN RE DAVID E.*
## (3082)

HULL, DALY and E. O'CONNELL, Js.

Argued March 22—decision released August 6, 1985

*Nancy C. Liedlich,* for the appellant (mother).

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Judith M. Earl,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (department of children and youth services).

*Craig D. Malone,* for the minor child.

E. O'CONNELL, J. This is an appeal from the termination of the respondent mother's parental rights in regard to her son David.

The trial court recounted the long history of this family prior to the initiation of this petition for termination and made exhaustive findings of fact which are contained in the twenty-one page memorandum of decision. We need not repeat them here. The respondent and her family have been involved with the department of children and youth services (DCYS) since September, 1975, as a result of reported child abuse. Since that time, David and his siblings have been temporarily placed in foster homes and with their maternal grandparents. Between September, 1975, and March 29, 1982, the date of filing the termination petition, numerous unsuccessful attempts were made to place David back with the respondent. Counseling and other support services were also in effect during this period.

The trial court found, by clear and convincing evidence, that there was cause for termination of the respondent's parental rights. Evidence was adduced at trial from a psychiatrist, a developmental evaluator, a social worker and the child's foster mother to satisfy the requirements for termination of parental rights as provided by General Statutes § 17-43a (b).[1] The trial court found that the respondent was unable to assume a responsible position in David's life and has failed to

---

[1] General Statutes § 17-43a (b) was modified in 1984 to include the provisions at issue herein. At the time of the proceedings below, those provisions were found in General Statutes (Rev. to 1981) § 17-43a (a). See Public Acts 1984, No. 84-449, § 1.

achieve any degree of rehabilitation that would reasonably encourage the belief that she could assume a responsible position at some future date. The court also found that the entire history of the case led to the conclusion that the respondent, by reason of continuing mental deficiency, had been unable to provide D with the care, guidance and control necessary to his physical, educational, moral and emotional well-being. Further, the court found that said mental deficiency would continue to render the respondent unable to provide him with the necessary care, guidance and control for such time as would be detrimental to the best interests of the child.

In her appeal, the respondent sets forth seven claims of error by the trial court: (1) the evidence was not sufficiently clear and convincing to terminate parental rights; (2) evidence regarding the child's best interests should not have been heard at the adjudicatory or fault stage of the termination proceedings; (3) General Statutes § 17-43a is unconstitutional in that it denies substantive due process rights by not requiring a compelling state interest in terminating parental rights; (4) the motion for re-examination should not have been denied; (5) the motion for treatment and psychiatric examination of the child should not have been denied; (6) the motions for visitation should not have been denied; and (7) the motion to strike should not have been denied.

General Statutes § 17-43a specifies those instances which may justify the termination of parental rights in the absence of consent. The commissioner must allege and prove, by clear and convincing evidence, one or more of the statutory grounds. *Santosky* v. *Kramer*, 455 U.S. 745, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); *In re Juvenile Appeal (83–BC)*, 189 Conn. 66, 72, 454 A.2d 1262 (1983).

The respondent's first claim of error is that the evidence was not sufficiently clear and convincing to terminate parental rights. The trial court was presented with conflicting evidence and rendered a well reasoned decision.

"We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 222, 435 A.2d 24 (1980); *Knight* v. *Breckheimer,* 3 Conn. App. 487, 489–90, 489 A.2d 1066 (1985). Our review of the record reveals that the trial court's decision was legally correct and factually supported.

The respondent's second claim of error is that the trial court should not have allowed the testimony of the child psychologist at the fault stage of the termination proceedings. She claims that the proceedings were irrevocably tainted since the court's attention was drawn to the child's best interests instead of to the state's case on statutory grounds.

In order to terminate parental rights under General Statutes § 17-43a, "the state was required to prove by clear and convincing evidence (1) that [respondent] suffered from a 'continuing physical or mental deficiency' and (2) that, by reason of this condition, she had been and would, for such a period of time *as would be detrimental to the best interest of the child,* be unable to furnish him with the necessary care, guidance and control." (Emphasis added.) *In re Juvenile Appeal (83–BC),* supra. "[T]he court must consider, once mental deficiency has been determined, whether such disability makes a parent incapable of adequately responding to the needs of the particular child involved." Id., 76.

The evidence presented at the trial established that David had a number of psychological and behavioral problems. The testimony of the child psychologist is a factor which may be considered when determining whether the respondent's mental deficiency interferes with the parenting functions required to deal effectively with the child. Even if we assume, arguendo, that the testimony did taint the proceedings, the evidence was so overwhelming as to lead to no other conclusion than that termination was warranted.

In her third claim of error, the respondent contends that subsections (2) and (3) of General Statutes § 17-43a (b) infringe upon the substantive due process protection provided by the fourteenth amendment to the United States constitution. In support of this claim, the respondent relies on the United States Supreme Court's decision in *Wisconsin* v. *Yoder,* 406 U.S. 205, 92 S. Ct. 1526, 32 L. Ed. 2d 15 (1972). The respondent reads *Yoder* as establishing that the state may terminate parental rights only where it is able to show that the child's health or safety otherwise would be jeopardized. The respondent argues that subsections (2) and (3) of General Statutes § 17-43a (b) are unconstitutional because they do not incorporate the health-safety requirement.

The respondent's constitutional argument with respect to General Statutes § 17-43a (b) (3) has been addressed by the Connecticut Supreme Court in *In re Juvenile Appeal (83–BC),* supra. In that case, the court discussed the relationship between General Statutes § 17-43a (b) (3) and *Yoder:* "A further elucidation in the [*Yoder*] opinion of the criterion for state interference is whether parental control will 'impair the physical or mental health of the child, or result in an inability to be self-supporting or to discharge the duties and responsibilities of citizenship, or in any other way materially detract from the welfare of society.' [*Wisconsin* v.

*Yoder,* supra, 233–34.] We see no conflict between these concerns and those contained in the standard for termination established by [§ 17-43a (b) (3)]." *In re Juvenile Appeal (83–BC),* supra, 78. As we stated recently in *O'Connor* v. *O'Connor,* 4 Conn. App. 19, 20, 492 A.2d 207 (1985), this court will not re-evaluate Supreme Court precedent.

The respondent's argument concerning subsection (2) is also unavailing. Subsection (3) of General Statutes § 17-43a (b) is constitutional and the order to terminate may be upheld on the basis of subsection (3) alone. "In a petition to terminate parental rights under § 17-43a, the petitioner must list the grounds relied upon and if any one of these grounds may be upheld, the order to terminate must stand. *In re Juvenile Appeal (83–BC),* [supra] . . . ." *In re Juvenile Appeal (84–BC),* 194 Conn. 252, 258, 479 A.2d 1204 (1984). We, therefore, decline to address the constitutionality of subsection (2) of General Statutes § 17-43a (b).

The respondent's fourth, fifth and sixth claims of error concern the trial court's rulings on her motions for re-examination, treatment and psychiatric examination and visitation. The trial court's action involved the exercise of judicial discretion and will not be disturbed unless that discretion was clearly abused. *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979). We cannot say that in denying those motions the court abused its discretion.

The final claim of error is that the trial court should have granted the respondent's motion to strike. The motion was neither timely nor specific as indicated in the trial court's memorandum of decision. As such, the ruling was not erroneous.

There is no error.

In this opinion the other judges concurred.