## CHRISTOPHER BRUBECK *v.* NOREEN BURNS-BRUBECK
## (14919)

Dupont, C. J., and Landau and Hennessy, Js.

Argued April 24—officially released August 13, 1996

*Samuel J. Albom,* for the appellant (defendant).

*Ellen B. Wells,* with whom was *Samuel V. Schoonmaker IV,* for the appellee (plaintiff).

*Cordalie Benoit,* for the minor child.

HENNESSY, J. The defendant, Noreen Burns-Brubeck, appeals from the trial court's judgment denying

her motion to modify custody and visitation. The defendant claims that the trial court (1) improperly failed to reinstate joint custody to her after the abatement of her disability, (2) violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and (3) violated the supremacy clause of article VI and the equal protection clause of the fourteenth amendment of the constitution of the United States.

The trial court found the following facts. In 1984, the trial court dissolved the marriage of the defendant and the plaintiff, Christopher Brubeck. Pursuant to an agreement of the parties, the trial court granted joint legal custody of their minor child with the residence of the child to be with the defendant. In 1988, in response to the plaintiff's ex parte application, the court granted temporary sole custody of the child to the plaintiff. In 1990, after a full hearing on the plaintiff's motion to modify custody and visitation, the trial court granted the plaintiff sole custody of the child and the defendant visitation rights. In 1992, the defendant filed a motion to modify the orders rendered by the trial court in 1990. After a contested hearing, the court denied the defendant's motion to modify, and it is from that denial that the defendant appeals.

I

The defendant first claims that the trial court improperly failed to order joint custody of the minor child. The following facts are necessary for the resolution of this issue. Subsequent to the dissolution of the marriage, the defendant became afflicted with the disease of alcoholism. While the defendant sought treatment, the plaintiff became the sole custodian of the child pursuant to the court orders rendered in 1988 and 1990. After completing her treatment, the defendant moved the trial court to restore her as a joint custodian of the child.

The authority to render orders of custody and visitation are found in General Statutes § 46b-56, which provides in part: "(a) In any controversy before the superior court as to the custody or care of minor children . . . the court may at any time make or modify any proper order regarding . . . custody and visitation . . . . (b) In making any order with respect to custody or visitation, the court shall (1) be guided by the best interests of the child . . . ." Before a trial court may modify a custody order, it must find that there has been a material change in circumstance since the prior order of the court, but the ultimate test is the best interests of the child. *Stewart* v. *Stewart*, 177 Conn. 401, 407–408, 418 A.2d 62 (1979).

The defendant claims that the only relevant change in circumstance that existed in the prior modification orders was that the defendant became disabled. She claims that because she recovered from that disability, the trial court should have reinstated joint custody.

A review of the trial court's 1990 memorandum of decision granting custody to the plaintiff does not support the claim that the sole reason for the trial court's decision was the defendant's disability. The trial court did not reach its custody decision based on the defendant's alcoholism or on the defendant's clinical depression, although it found that the defendant's actions resulting from these conditions contributed to disruption in the child's life. After reviewing the reports and the testimony, the trial court concluded that the child had adapted well to living with his father and his "intelligent and caring" stepmother. The court further found that the plaintiff was the more stable parent and that it was in the best interests of the child that the plaintiff have sole custody.

In support of the present motion for joint custody, the defendant argued that she had met all the require-

ments set down by the court after the 1990 custody hearing and that she had maintained sobriety. The defendant further argued that the plaintiff, because of changes in his work schedule, could not spend sufficient time with the child. This change of schedule, it is claimed, is a substantial change of circumstance. The trial court recognized that the defendant has made great strides in putting her life in order and that the relationship between the plaintiff and the defendant has improved. The trial court noted that as a result, the plaintiff has allowed the defendant more visitation with the child than the trial court had ordered in 1990. The trial court did not consider the additional visitation allowed by the plaintiff as a change in circumstance that would lead to a change in custody, but rather a positive act that is in the best interests of the child. The trial court found that both the plaintiff and the defendant were good and loving parents, but that the defendant's actions since the trial court's 1990 order have been mainly responsible for the ongoing litigation. The court concluded that the plaintiff had provided the necessary care and love for the child. It also concluded that the defendant had failed to establish either a substantial change in circumstances or that it would be in the best interests of the child to modify the existing custody arrangement.

The sole question is whether the trial court abused its discretion in deciding that the best interests of the child would be served by allowing custody to remain with the plaintiff. "The trial court had the advantage of observing the witnesses and the parties. Considerable evidence was presented concerning the activities of the parties since [the prior modification of custody]. In circumstances like these, whether the best interests of the [child] dictate a change of custody is left to the broad discretion of the trial court. *Joy* v. *Joy*, 178 Conn. 254, 257, 423 A.2d 895 [1979]; *Stewart* v. *Stewart*, supra

[177 Conn. 408]. A mere difference of opinion or judgment cannot justify the intervention of this court. 'Nothing short of a conviction that the action of the trial court is one which discloses a clear abuse of discretion can warrant our interference.' *Morrill* v. *Morrill*, 83 Conn. 479, 491, 77 A. 1 [1910] . . . ." *Trunik* v. *Trunik*, 179 Conn. 287, 289–90, 426 A.2d 274 (1979). The trial court had ample evidence before it to conclude that there had been no substantial change in circumstances and that a change in custody was not in the best interests of the child. We conclude that the trial court did not abuse its discretion.

## II

The defendant next argues that the trial court violated the Americans with Disabilities Act in arriving at its custody orders. The defendant contends that if one loses custody of a minor child as a result of a disability, the Americans with Disabilities Act requires that the trial court restore custody once the disability has abated. The defendant also contends that the trial court's decision denying the motion for a restoration of joint custody was unconstitutional under the supremacy and equal protection clauses of the federal constitution.

The defendant argues that because she is a recovering alcoholic, she is a disabled person under the Americans with Disabilities Act, and that the act, as federal legislation, preempts the field regarding the treatment of disabled persons in both the private and public sectors. Furthermore, she contends that the act prevents the court from discriminating against her by using the state standard of the best interests of the child, rather than the automatic restoration of joint custody of the minor child. She claims that discriminating in this manner is a violation of the act and a violation of her constitutional rights.

The defendant failed to raise any of these claims before the trial court, and they are presented for the first time on appeal. Practice Book § 4185 provides in pertinent part: "The court on appeal shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court." "Practice Book § 4185 provides that this court is not bound to consider a claim that was not distinctly raised at trial. This rule applies to constitutional claims. *DiBerardino* v. *DiBerardino*, 213 Conn. 373, 376, 568 A.2d 431 (1990); *Sands* v. *Sands*, 188 Conn. 98, 106, 448 A.2d 822 (1982), cert. denied, 459 U.S. 1148, 103 S. Ct. 792, 74 L. Ed. 2d 997 (1983). [O]nly in most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court. *Roche* v. *Fairfield*, 186 Conn. 490, 505, 442 A.2d 911 (1982). Such exceptional circumstances may occur where a new and unforeseen constitutional right has arisen between the time of trial and appeal or where the record supports a claim that a litigant has been deprived of a fundamental constitutional right and a fair trial. . . . An exception may also be made where consideration of the question is in the interest of public welfare or of justice between the parties. . . . *Statewide Grievance Committee* v. *Friedland*, 222 Conn. 131, 147, 609 A.2d 645 (1992)." (Citations omitted; internal quotation marks omitted.) *Berry* v. *Loiseau*, 223 Conn. 786, 828–29, 614 A.2d 414 (1992). The defendant has not claimed nor has she pointed us to any such exceptional circumstances in the present case and, accordingly, we decline to review the merits of this claim.

The judgment is affirmed.

In this opinion the other judges concurred.