[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant are the parents of Kimberly Kilcran, now age thirteen. Kimberly is mentally retarded and suffers from seizures, cerebral palsy and a speech impediment. In June, 1994, after a hearing, the court awarded sole legal and physical custody of Kimberly to the defendant mother with no CT Page 6771 right of visitation for the plaintiff father. The court further ordered that the plaintiff was not to have any contact at all with Kimberly for a minimum of one year and until further order of the court. These orders were consistent with the recommendations of the Family Relations Office as set forth in a detailed custody and visitation report. As the memorandum of decision recounts, Kimberly accused her father of sexually abusing her, as a result of which she feared her father and did not want any contact with him. Kimberly's accusations were credited by several health professionals.
In March, 1996, the plaintiff filed a motion to modify custody seeking that custody be awarded to him. At the hearing on the motion, the plaintiff testified that he is now employed full time doing maintenance work. He continues to reside in his own home, which is large enough to permit Kimberly to have her own bedroom. He has not had any contact with Kimberly in approximately five years and is unable to provide any information concerning the defendant mother's care of Kimberly. The plaintiff vigorously denies that he ever sexually abused Kimberly. He believes that he can provide a better home for Kimberly than her mother can.
Both the defendant and the attorney for Kimberly oppose any change in custody and contend that the plaintiff has failed to show any material change in circumstance which warrants a change in custody. "Before a trial court may modify a custody order, it must find that there has been a material change in circumstances since the prior order of the court, but the ultimate test is the best interests of the child." (Citation omitted.) Brubeck v.Burns-Brubeck, 42 Conn. App. 583, 585 (1996). The plaintiff has failed to show that there was any substantial change in circumstances since the court awarded custody of Kimberly to her mother in June, 1994. The only factual change in circumstance is the plaintiff's obtaining employment. While this is a positive change for the plaintiff, his prior lack of employment was not a factor in the court's decision to award custody to the defendant. The plaintiff's employment therefore is not a material change in circumstance warranting a change in custody. In addition, there was no showing that a change in custody would be in Kimberly's best interest.
The motion to modify custody is denied.
VERTEFEUILLE, J. CT Page 6772