## EDWARD J. JANIK *v.* BARBARA E. JANIK
### (AC 19250)

Spear, Pellegrino and Hennessy, Js.

Argued September 26—officially released December 26, 2000

*Lori Welch-Rubin,* for the appellant (defendant).

*Louis Kiefer,* with whom was *William F. O'Shea,* for the appellee (plaintiff).

HENNESSY, J. The defendant, Barbara E. Janik, appeals from the judgment of the trial court modifying its order of custody of her minor child from joint legal custody to sole legal custody in the plaintiff, Edward J. Janik. The defendant claims that the court improperly (1) ordered her to undergo a psychological evaluation and to attend mediation sessions with the plaintiff and a court-appointed therapist, (2) modified child custody without sufficient evidence, (3) delegated its judicial authority to mental health professionals and (4) violated her constitutional right to an open court pursuant to article first, § 10, of the constitution of Connecticut. We conclude that the court had sufficient evidence to modify custody, but that it improperly ordered post-judgment psychological evaluation and therapy sessions for the defendant.

The following facts and procedural history are necessary for our resolution of this appeal. On February 22, 1995, when the parties' marriage was dissolved, the court awarded the parties joint legal custody of their minor child, who was born on November 20, 1991. The defendant was granted physical custody with reasonable visitation in the plaintiff. On November 12, 1997, the plaintiff filed a motion to modify custody. Kenneth S. Robson, the court-appointed evaluator who had provided the original custody evaluation, submitted to the court an updated report recommending that joint legal custody remain but that physical custody of the child be given to the plaintiff.[1] Robson based his recommendation in part on the clinical status[2] of the child and

---

[1] Robson recommended that the defendant retain physical custody until the end of the school year in June, 1998. Meanwhile, the plaintiff was granted longer periods of visitation. After June, 1998, the plaintiff would have physical custody, and the defendant would have reasonable visitation.

[2] Robson found that the child exhibited signs of clinical depression, increasing anxiety and a deepening "wariness and distrust of others."

the plaintiff's relatively healthier parenting abilities. On January 5, 1998, the court rendered judgment, in light of Robson's recommendation, maintaining joint custody, but granting the plaintiff greater parenting time and mandating counseling for the child. On February 10, 1998, the child's guardian ad litem moved to compel the plaintiff and the defendant to enroll the minor child in therapy. The court granted the motion and further indicated that interference with the child's counseling sessions by either party would be grounds for a modification of custody.

On October 27, 1998, the plaintiff again moved to modify custody. Although the child had been in counseling with Michael Pines, a licensed psychologist, the plaintiff alleged that the defendant prevented the child from expressing her love for her father or her paternal grandparents, that the defendant made efforts to convince the child that she did not like spending time with her father, that the defendant withheld the child's clothing, thereby forcing the plaintiff to purchase clothing in excess of the child's needs, and that the child exhibited behavior that raised concerns with her therapist. The court found that the custody orders rendered earlier were not in the child's best interest and, consequently, on January 8, 1999, ordered that sole legal and physical custody of the child be with the plaintiff, and granted reasonable visitation to the defendant.

The court further ordered a psychiatric evaluation of the defendant by Kenneth Selig, a psychiatrist, that was to "include an individual evaluation . . . of the parent-child relationship between [the defendant and the child.]" Additionally, the court appointed Richard Fisher, a licensed marriage and family therapist, to serve as mediator, liaison and counselor between the plaintiff and the defendant, and ordered the parties to meet with him for therapy no less than once a month so that they may improve their parenting and communi-

cation skills. Although the court rendered its order "without prejudice," it ordered that "[u]ntil Dr. Selig has completed his evaluation and until Dr. Fisher finishes his counseling with [the parties] and reports to the court that substantial progress has been made, no modification requests by [the defendant] will be heard by this court. In other words, there will be no increase in access to the child or the manner of access until the psychiatric evaluation has been completed and until Dr. Fisher reports substantial progress. This order applies only to an expansion of [the defendant's] visitation with the child." This appeal followed.

## I

The defendant first claims that the court improperly ordered her to undergo a postjudgment psychological evaluation and attend mandatory counseling with the plaintiff and a court-appointed therapist. We agree.

Our standard of review in domestic relations cases is a narrow one. We will not reverse a trial court's rulings with respect to custody unless the court incorrectly applied the law or could not have reasonably concluded as it did. *Duve* v. *Duve*, 25 Conn. App. 262, 266, 594 A.2d 473, cert. denied, 220 Conn. 911, 597 A.2d 332 (1991), cert. denied, 502 U.S. 1114, 112 S. Ct. 1224, 117 L. Ed. 2d 460 (1992); *Hurtado* v. *Hurtado*, 14 Conn. App. 296, 300–301, 541 A.2d 873 (1988).

Pursuant to General Statutes §§ 46b-3 and 46b-6, the court may require the parties and the child to undergo a psychiatric or psychological evaluation for the purpose of properly disposing of a family matter, in a modification of custody case, to assist in determining the best interest of the child. See, e.g., *Pascal* v. *Pascal*, 2 Conn. App. 472, 478–79, 481 A.2d 68 (1984). General Statutes § 46b-6 provides in relevant part that the court "may cause an investigation to be made with respect to any circumstance of the matter which may be helpful

or material or relevant to a proper disposition of the case. Such investigation may include an examination of the parentage and surroundings of any child, his age, habits and history, inquiry into the home conditions, habits and character of his parents or guardians and evaluation of his mental or physical condition. In any action for dissolution of marriage, legal separation or annulment of marriage such investigation may include an examination into the age, habits and history of the parties, the causes of marital discord and the financial ability of the parties to furnish support to either spouse or any dependent child." General Statutes § 46b-3 provides that the judge in any family relations matter may employ the use of a psychologist, psychiatrist or family counselor in carrying out such an evaluation.

In *Savage* v. *Savage*, 25 Conn. App. 693, 596 A.2d 23 (1991), this court considered the appropriateness of compelled postjudgment psychiatric and psychological evaluations of the parties and their minor children in a custody case. In *Savage*, the trial court ordered postjudgment evaluations "so that more information could be gathered in hopes that the parties would agree in the future to a custody arrangement or that the attorney for the minor children would move, if appropriate, for a modification of the court's custody order." Id., 699. We noted in *Savage* that the statutory provisions, §§ 46b-6 and 46b-3, refer to *pending* family relations matters only and, moreover, that the utility of such evaluations lies in their ability to shed light on the facts of a particular case so that it may be disposed of properly. Id., 700. "Once a case has been disposed of by the rendition of a final judgment and there is nothing further pending . . . there is no longer a reason for ordering an ongoing evaluation." Id. Consequently, we held that a postjudgment order for a psychological evaluation constitutes an abuse of discretion. Id., 701.

Likewise, nothing in §§ 46b-3 and 46b-6 authorizes the court to order parties in a custody battle to undergo psychiatric therapy or other counseling postjudgment since those provisions apply to *pending* family matters. Nor does the plaintiff point us to any other statutory authority for such an order.[3]

In this case, the court did not order the defendant to undergo a psychological evaluation to determine whether a modification of custody was appropriate and thereby to aid in the disposition of the case. Instead, the court ordered the psychological evaluation after it made the determination to modify custody. We conclude, therefore, that in accordance with §§ 46b-3 and 46b-6, and *Savage*, the court improperly ordered a postjudgment psychological evaluation and postjudgment counseling. The orders are vacated.

## II

The defendant next claims that there was insufficient evidence for the court to modify custody from joint legal custody to sole legal custody in the plaintiff. We disagree.

General Statutes § 46b-56 governs a trial court's orders regarding a custody determination and the care of minor children in a dissolution action. Section 46b-56 (a) provides in relevant part that "the court may at any time make or modify any proper order regarding . . . custody and visitation if it has jurisdiction . . . according to its best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable." That section further provides that in "modifying any order with respect to custody or visitation, the court shall (1) be guided by the best interests of the child . . . ." General Statutes § 46b-

---

[3] Whether §§ 46b-3 and 46b-6 authorize therapy for the parties while the matter is pending is not an issue on appeal.

56 (b). "[Our Supreme Court] has limited the broad discretion given the trial court to modify custody orders . . . by requiring that modification of a custody award be based upon either a material change of circumstances which alters the court's finding of the best interests of the child . . . or a finding that the custody order sought to be modified was not based upon the best interests of the child." (Internal quotation marks omitted.) *Kelly* v. *Kelly*, 54 Conn. App. 50, 55, 732 A.2d 808 (1999).

Among the various factors the court may consider when determining the best interest of the child are the parties' parenting skills; *Knock* v. *Knock*, 224 Conn. 776, 785, 621 A.2d 267 (1993); the child's emotional ties to each parent; *Seymour* v. *Seymour*, 180 Conn. 705, 711, 433 A.2d 1005 (1980); the psychological instability of the parent and whether the child is in a stable and loving environment. *Schult* v. *Schult*, 241 Conn. 767, 777, 699 A.2d 134 (1997); see also *Ridgeway* v. *Ridgeway*, 180 Conn. 533, 541, 429 A.2d 801 (1980). The court may also take into account the recommendations of the child's therapist; see *Szczerkowski* v. *Karmelowicz*, 60 Conn. App. 429, 433–34, 759 A.2d 1050 (2000); *In re David E.*, 4 Conn. App. 653, 657, 496 A.2d 229 (1985); and the child's guardian ad litem. See *Schult* v. *Schult*, supra, 779 ("the guardian ad litem is the representative of the child's best interests").

The court's discretion in determining whether a modification of custody should be granted is essential. *Kelly* v. *Kelly*, supra, 54 Conn. App. 56. Thus, "[a] mere difference of opinion or judgment cannot justify the intervention of this court. Nothing short of a conviction that the action of the trial court is one which discloses a clear abuse of discretion can warrant our interference." (Internal quotation marks omitted.) *Brubeck* v. *Burns-Brubeck*, 42 Conn. App. 583, 587, 680 A.2d 327 (1996).

The defendant claims that the court had insufficient evidence to modify custody as demonstrated by the fact that the court sought a psychological evaluation of her after modifying custody. We are not persuaded.

A court-ordered psychological evaluation of a parent will often be necessary to determine the best interest of the child. In this case, such an evaluation would certainly have revealed the defendant's relative ability to parent, and the relationship between the defendant and her child; however, whether to order such an evaluation is entirely within the court's discretion.[4] *Ridgeway* v. *Ridgeway*, supra, 180 Conn. 542 n.6. Thus, we cannot conclude that the court had insufficient evidence to grant the plaintiff's motion to modify solely because it failed to order and consider a psychological evaluation prejudgment.[5] Rather, we conclude that the court had sufficient evidence before it even without the benefit of a psychological evaluation of the defendant.

Although the court did not state the factual basis for the modification in its orders dated January 8, 1999, the record is sufficiently complete for this court to review the trial court's exercise of discretion.[6] The record reveals that the court heard considerable testimony that the child had been subjected to abuse, neglect and other inappropriate behavior while in the care of the defendant. The court heard testimony from Pines, the psychologist who had treated the child since the end of March, 1998. He testified that she exhibited positive personality changes since her increased time

---

[4] We note, for purposes of clarification, that this is not inconsistent with our discussion in part I of this opinion since that part dealt with postjudgment psychological evaluations. We refer here to psychological evaluations properly ordered pursuant to General Statutes §§ 46b-3 and 46b-6.

[5] We need not address whether the court reasonably could have found that no evaluation was necessary as it is not an issue on appeal.

[6] Neither party sought an articulation of the factual basis for the court's decision.

with the plaintiff; however, he stated that "[s]he appears as a totally different child" when she is with the defendant. He explained that "[s]he appears more closed emotionally, more shut down emotionally. More reticent. Overall, more fragile."

More significantly, Pines testified that during the course of their therapy sessions the child discussed several incidents involving the defendant that raised concerns about the child's psychological well-being and physical safety. For instance, the child confided that the defendant told her that if she continued to get good grades at the school she attended while living with the plaintiff, that she would not be able to return to the defendant's home. The child also told Pines that the defendant locked her in her room for no apparent reason, sent her to her room without her having finished dinner on several occasions, and would make it difficult for her to communicate with the plaintiff and her paternal grandparents. On yet another occasion, she related that the defendant had thrown her across the room and hit her in the back several times. Pines found the child credible and clearly fearful. Finally, Pines testified that in his opinion, the defendant was emotionally unsupportive of the child's needs, that the defendant's actions placed the child in an untenable, indefensible situation, and that contact between the defendant and the child should be limited to supervised visits.

The court then heard corroborating testimony from the plaintiff, the child's paternal grandmother and the guardian ad litem. Each discussed similar disclosures made by the child and their own accounts of the child's fearful behavior.

Although the court heard conflicting testimony from the defendant, the court found her "not to be a credible witness." The court further found that she had no "sincere desire to protect [the child's] best interests . . .

when her own preferences are in conflict [with the child's]." By contrast, the court held Pines in high regard, and praised him and the guardian ad litem for their commitment to the best interest of the child. It is well established that the credibility of the witnesses is within the province of the trial court, which has the benefit of observing the witnesses and the parties. *Brubeck* v. *Burns-Brubeck*, supra, 42 Conn. App. 586. This court will not disturb the trial court's conclusions concerning the credibility of witnesses absent a clear abuse of discretion. Id., 587.

Given the testimony of the child's therapist, the child's guardian ad litem, the plaintiff, the child's paternal grandmother, the court's conclusions concerning the credibility of the witnesses and the absence of evidence suggesting that the child would fabricate stories unfavorable to the defendant, we cannot conclude that the court abused its discretion. We conclude that the evidence was sufficient for the court to find that the defendant did not provide a supportive and stable environment for the child and, therefore, that it was in the best interest of the child for the plaintiff to have sole custody.

### III

The defendant claims that the court improperly delegated its authority to mental health professionals and violated the defendant's constitutional right to an open court pursuant to article first, § 10, of the constitution of Connecticut when it conditioned the defendant's future modifications of custody on a finding by a court-appointed therapist of substantial progress in court-mandated therapy sessions. Since we vacate the court's orders that would require the defendant to attend such therapy sessions, we decline to review these remaining claims.

The judgment is reversed only as to the orders for postjudgment psychological evaluation and counseling and the case is remanded with direction to vacate those orders. The judgment is affirmed as to the modification of custody.

In this opinion the other judges concurred.