[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO MODIFY VISITATION
The plaintiff, Dianne Windebank, n/k/a Dianne Demarco, and the defendant Robert Windebank were divorced pursuant to a judgment of dissolution issued on May 21, 1997. This judgment granted sole custody of the five minor children to the plaintiff. Supervised parenting time for the father was established as follows:
 — One alternate weekend day per week (Saturday/Sunday) from 1:00 p.m. to 5:00 p.m.
— One weekday supper visit from 4:00 p.m. to 6:00 p.m.
 — Holiday visits to be arranged per agreement of the parties and the availability of the supervisor.
The current matter before the court is the defendant's motion to modify visitation. This motion seeks to expand the amount of visitation and remove the requirement for supervision. The court heard testimony over three days from the parties, from Clayton Lovallo, Jr. of the Family Services division of Connecticut Court Support Services regarding his recommendations, from Lynn Krawczyk of Thomaston Counseling Associates (TCA) with regard to the supervised visits by the defendant at that facility and from Howard Kriger, Ph.D., who performed a psychological evaluation of the defendant.
Ms. Krawczyk's recommendation was that the defendant should have unsupervised visitation based on the defendant's effectiveness as a CT Page 5593 parent and the observations at TCA. This recommendation was set out in the September 3, 1999 report from TCA and in Ms. Krawczyk's testimony at the hearing.
Mr. Lovallo took a different approach involving three phases. The first phase, lasting six months would require the presence of another adult at all times, with one day time visit per week for five hours (11:00 a.m. to 4:00 p.m.) and an additional evening visit each mid-week at supper time possibly with two or three of the children. The second phase, lasting three months, kept the schedule set forth in phase one, but recommended that the presence of the second adult be for only a portion of the visitation time. The third and final phase recommended a parenting plan that expanded the parenting time and would not require the presence of a second adult. These recommendations were set forth in the family service report of November 30, 2000 and in Mr. Lovallo's testimony at the hearing.
The parties and the attorney for the minor children also submitted proposed orders related to the issue of visitation.
In considering modification of visitation orders, the court must be guided by the best interest of the children and not the best interest of the parties. General Statutes § 46b-56 (b)(1);Seymour v. Seymour,180 Conn. 705, 709 (1980).
The following language of the Supreme Court in the case of Raymond v.Raymond, 165 Conn. 735, 741 (1974), continues to be instructive: "[a] parent's privilege of visitation of children whose custody has been awarded to the other parent in a divorce action . . . is not an absolute right but one which is dependent on what is for the best interests of the children even though such visitation rights may be restricted. . . . Where custody and visitation rights have been affected, a court has the power and the duty to safeguard those rights while recognizing that such interests are subordinate to the welfare of the children. Neither parent's interests with regard to his or her children are a property right. . . . A contest relative to . . . visitation rights, is not one primarily to determine the rights of the respective parties but rather a determination of the best interests of the child or children. . . ." (Citations omitted.)
The cardinal complication in this case is the total lack of communication between the parties here. The court finds that both parties are contributing to this situation. If the parties continue on their present course, the children could be forever and irreparably harmed. Both parties elocute that they are not disparaging the other parent in communications with the children. The court must necessarily leave the CT Page 5594 veracity of these statements to the consciences of the parties.
It is axiomatic that the best interests of the children will be served if they view both parents as positive, loving, supportive and nurturing and it is the duty of the parents to create and sustain this environment. The children should also have the opportunity to develop a meaningful, unrestrained, and normal relationship with both parents built on mutual love and respect. The goal here should be increased visitation time with the father and to eventually have that visitation not require the presence of another adult.
The court finds that the best interests of the children will be served if the parties engage in counseling to establish meaningful communication between the mother and father and among the children. Under the rule set forth in Janik v. Janik, 61 Conn. App. 175, 180 (2000) and Savage v.Savage, 25 Conn. App. 693, 701 (1991), this court may not order postjudgment counseling. However, the court does have authority to order counseling by reserving jurisdiction over the pending motion to modify visitation. General Statutes 46b-56 (f) provides in part that "when a motion for modification of custody or visitation is pending before the court . . . and the investigation ordered by the court pursuant to section 46b-6 recommends psychiatric or psychological therapy for a child, [(which therapy was set out in the family division Evaluation Report of 11 Nov. 1996)] and such therapy would, in the court's opinion, be in the best interests of the child and aid the child's response to a modification, the court may order such therapy and reserve judgment on the motion for modification."
The court therefore reserves decision on the motion to modify and enters the following orders:
Both parents shall contact Beacon Behavioral Services of Avon, CT, and participate in the intake procedures relative to the P.E.A.C.E. program, with input from the attorney for the minor children and the State of Connecticut, Judicial Branch, Court Support Services Division (Family Services) in Litchfleld. The sessions to include both the parents and the children shall be as deemed necessary by the therapist.
The matter is set down for short calendar on Monday July 2, 2001 at 9:30 a.m. and Family Services shall report as to the status of the above P.E.A.C.E. program on that date.
Cremins, J.