[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION (DOCKET ENTRY NO. 111) AND MOTION FOR MODIFICATION OF VISITATON AND TERMINATION OF ALIMONY POST DISSOLUTION (DOCKET ENTRY NO. 108)
The parties presented evidence concerning the plaintiff husband'sMotion for Modification Post Judgment dated July 18, 2001, and the defendant's mother's Motion for Modification dated August 7, 2001. Due to the fact that he is moving to Arizona, the plaintiff seeks to change that portion of the judgment of dissolution that specifies his visitation rights.[1] The defendant alleges that there has been a change in circumstances that warrants modification of child support.
Examination of the court file and evidence produced at the court hearing reveals the following.
The marriage of the parties was dissolved by judgment entered on July CT Page 14911 14, 1998. They had two young children. Christopher, born in 1989, and Katherine, born in 1993. At the time of the dissolution, the parties established a visitation schedule.
Subsequent to their divorce, both parties have remarried. Although their marriages have changed, the parties, through cooperation and some sacrifice, managed to preserve a relatively stable family unit for their young children. Although the defendant mother has been the children's primary caretaker, the plaintiff father has had liberal visitation rights with his children.
There is no question that the plaintiff is an appropriate caretaker who has bonded with his children. Furthermore, there is no doubt that the children benefit from time with their father. Moreover, until recently, both parties to this action have resolved any conflict amicably.
Plaintiff has worked for Prudential Relocation for a number of years. This year his company advised all personnel in his unit that their corporate division was relocating in its entirety to Arizona. The plaintiff had a choice. He could either transfer with the component to Arizona or he could seek new employment.[2] The defendant chose to transfer. He has purchased a new home in the Phoenix area. It is large enough to accommodate visits by his children who look forward to seeing their father in his new environment.
The defendant's decision to transfer has triggered a need to modify the visitation agreement. Although both parents agree in theory that the children should visit their father in Arizona, they disagree about the length and the dates of those visits. The first hurdle is that these visits must correspond with school calendars.
Secondly, the parties believe that the visits should not disrupt their son's participation in a local music camp generally scheduled for the early weeks of July.[3] This camp participation restricts the number of weeks available for summer visitation. Both mother and father wish to spend the last week in July with the children. The children's stepfather works at a local corporation that closes all operations during that week. He must take one of his five weeks of approved annual vacation during that period. The defendant and her husband wish to travel to North Carolina that particular week. Unfortunately, the plaintiff's employment responsibilities intensify after the beginning of August. He wishes to see the children at the end of July in order to maximize the time he spends with them.
A third question involves the appropriate method for transporting these children to Arizona for the visits with their father. Both parties agree CT Page 14912 that the children should not travel to Arizona unaccompanied. The defendant would prefer that the children travel with her, an aunt or their father. The plaintiff does not want to severely restrict the list of potential adult companions. The court notes that in the past neither party has ever exercised questionable judgment.
Additionally, the defendant presented evidence concerning her request to modify support payments. Although she suggests that the plaintiff's income statement inaccurately conceals a bonus payment, the testimony and records provided reveal that in the past the plaintiff included his past bonuses in his statement of net income. In the future the plaintiff is no longer guaranteed that extra income. Finally, even if a hypothetical bonus were included in future income calculations, the additional amount would not significantly change the plaintiff's financial affidavit.
A. Motion to Modify Visitation
When deciding custody or visitation issues, the best interests of the child must always guide a court. Ireland v. Ireland, 246 Conn. 413, 419,717 A.2d 676 (1998). Connecticut General Statute § 46b-56 (b). "Among the various factors the court may consider when determining the best interest of the child are the parties' parenting skills; the child's emotional ties to each parent; the psychological instability of the parent and whether the child is in a stable and loving environment. The court may also take into account the recommendations of the child's therapist; and the child's guardian ad litem." (Citations omitted.)Janikv. Janik, 61 Conn. App. 175, 181, ___ A.2d ___ cert. denied, 255 Conn. 940
(2001).
It was apparent to the court through the testimony that the parties have considerable love and affection for their children. They also respect each other. They clearly are struggling with the change in their lifestyle. As in so many cases, however, the facts herein do not permit a return to simpler times and the court is required to rule on the issues before it in a way that meets the best interest of the children.
Having considered all of the above, the court hereby grants the plaintiff-father's motion for modification of visitation. Based on the evidence and testimony offered at the hearing, the court enters the following orders:
1. The plaintiff father shall have summer visitation with the minor children from July 20, to August 4, beginning in 2002 and every year thereafter. The cost of the round trip tickets shall be borne entirely by the plaintiff. He shall notify the defendant mother of all the arrival and departure dates and times. An adult relative, either a CT Page 14913 blood relation or a stepparent, must accompany the children. During all summer visitation the children shall stay with the plaintiff.
2. The plaintiff is ordered at his sole expense to transport the children to Arizona during the children's Christmas vacation from school. Beginning in the year 2002 and in each subsequent even year, the plaintiff shall cause the children to visit in Arizona from December 24 until December 29 at which time plaintiff will promptly return them to the defendant. Beginning in the year 2003 and in each subsequent odd year, the plaintiff shall cause the children to visit in Arizona from December 27 until January 1. Once again, the children must promptly be returned to their mother. The procedures and restrictions directed in paragraph 1 above shall be followed.
3. The plaintiff is granted the right to have the children for purposes of winter vacation but only during the children's winter vacation from school. The defendant shall provide plaintiff with timely information as to the dates thereof. If school authorities for any reason cancel winter vacation, the visit to Arizona will also be cancelled. The plaintiff shall insure that the children are returned promptly to Connecticut so their schooling is not impacted. The procedures and restrictions directed in paragraph 1 above shall be followed.
4. At all times that the children are visiting with the plaintiff in Arizona, plaintiff shall keep defendant advised as to the address and location of the children and shall provide an accurate phone number for the defendant to contact the children and speak with them.
5. Both parties are ordered to cooperate with one another in the implementation of these orders. . Both parties are ordered not to discuss visitation or custody issues with the children except as necessary to facilitate the purpose and intent of these orders.
B. Motion to Modify
The defendant has filed a "Motion for Modification"[4] wherein she states "There has been a substantial change of circumstances on behalf of William Nemer."
Connecticut General Statutes 46b-86 (a) provides in relevant part:
 [A]ny final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the CT Page 14914 circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial.
Here the defendant speculates that the plaintiff will be entitled to future bonus payments. The plaintiff's testimony clearly established that these payments, reflected in all past financial affidavits, are no longer entitlements. Further, there is clear evidence that any deviation between the current financial position and that at the time of the dissolution is minimal, at best.
The statutory prerequisites for modification of alimony and child support are clear. There must be a substantial change in circumstances. The defendant has the burden of proof in demonstrating a substantial change of circumstances. That burden has not been met. The motion for modification is, therefore, denied.
C. Attorney's Fees
The defendant seeks attorney's fees for the defense of plaintiff's motion, which fees are sought pursuant to the provisions of Connecticut General Statute § 46b-62.[5] The court has considered the relevant statutory criteria in arriving at a decision on this issue. Both sides have incurred expenses for their respective attorneys. The issues presented are not ones upon which the parties could easily agree. It is only fair and equitable that each party pay his or her own attorney's fees The defendant's request is denied.
Orders shall enter on these motions as herein noted.
JULIA DICOCCO DEWEY, JUDGE