[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO REOPEN AND MODIFY JUDGMENT RE CUSTODY
This matter comes before the court as a result of the defendant Lois Noggle's motion to reopen and modify judgment dated February 22, 2002. By way of background, the marriage of the parties was dissolved by decree on September 25, 2001. During the trial, the parties stipulated to a custody and visitation arrangement on September 12, 2001. Their agreement provided for sole custody of the three minor children in favor of the plaintiff father. The defendant mother agreed to supervised visitation at Madonna House. Both the plaintiff and the defendant further agreed that neither party or counsel for the minor children could file a motion to review custody and/or visitation for a six-month period. The matter then proceeded to trial wherein the court determined all other contested issues. The court accepted the parties' stipulation concerning custody and visitation dated September 12, 2001 and incorporated it in the judgment.
The defendant mother, after the six-month period had expired, filed her motion to reopen and modify judgment re: custody and visitation. As a result of said motion, the court appointed Attorney Paige Stevens Quilliam as attorney for the three minor children on March 25, 2002. On May 6, 2002, the court appointed Attorney John Newson as guardian ad litem for the minor children. The court also ordered the transfer of supervised visitation from Madonna House to the AMPS Child Protection Associates of Vernon, Connecticut.
On September 9, 2002, the court ordered a psychological evaluation of the defendant at the request of the counsel for the minor children. During the pendency of the defendant's motion to modify custody and visitation, periodic orders were made by the court allowing mother to see the minor children at locations other than AMPS; those visitations were in the presence of an extended family member.
The defendant's motion to reopen and modify judgment was tried before CT Page 4419 this court on February 13, 14, 26 and 27. The plaintiff and the defendant presented their respective cases without the assistance of counsel. Paige Quilliam, attorney for the minor child, and John Newson, guardian ad litem, were present during the trial and participated as required by statute and case law. The court must again analyze the conflicting testimony and review the exhibits in determining the issues of custody and visitation.
Since the date of the dissolution, the plaintiff has resided with the three minor children at the marital residence. The mother has resided alone in an apartment in Norwich, Connecticut. The father has continued to work as a computer operator for a Hartford insurance group. He works from Friday through Monday. The father is of good health and attends to the emotional, physical and psychological needs of the children. The children are enrolled in an after-care program subsidized by his employer.
The defendant mother is unemployed and is a recipient of Social Security Disability. She sustained physical injuries to her neck and back and fibromyalgia as a result of previous motor vehicle accidents. She is unable to work due to physical and psychological conditions. She presently takes Klonopin for an anxiety condition.
The plaintiff has raised the children with periodic assistance of his girlfriends. The mother has seen the minor children during supervised visitation at Madonna House and later at AMPS. Her access at Madonna House was terminated as a result of her failure to follow visitation rules. The visitation at AMPS, while initially difficult for the children, has progressed in a manner favorable to the two younger children. She presently does not see Matthew. He has refused to see her since October of 2002, in spite of court orders providing for supervised visitation with all of the children.
As was prevalent at the initial trial, both parties made accusations against the other concerning each other's character. Mother's claims of sexual and physical abuse of her and the children by their father were unsubstantiated. DCF did find the father inappropriately grabbed one of the boys by the arm causing a bruise.
At the direction of the court, mother was evaluated by Bruce Freedman, a licensed psychologist. (See Exhibit 1.) Dr. Freedman's evaluation included references from the mother's present therapist, Mr. Morosky. He also testified at trial concerning mother's emotional stability and ability to care for her children on a regular basis. Dr. Freedman referred to neuropsychological testing performed by Dr. Tolsdorf. No CT Page 4420 impaired functions were found. Her cognitive, visual and motor skills were normal. Dr. Tolsdorf also performed psychological testing. He administered an MMPI-2 test resulting in a finding of a personality disorder. Said finding was consistent with further psychological testing performed by the evaluator, Dr. Freedman.
Dr. Tolsdorf and Dr. Freedman conclude that the mother suffers from a personality disorder. She makes physical complaints which could be feigned or used to manipulate others. She suffers from a difficulty in personal relations tending to exploit others. She is also anxious and insecure. Dr. Freedman tested her using MCMI-3 and CAPS test. While Dr. Freedman found that the defendant expressed sensible opinions acknowledged about her children and their needs, the results of the MCMI-3 was consistent with Dr. Tolsdorf's findings. Dr. Freedman recommended unsupervised visitation for increased lengths of time through the use of a mediator and a six-month review of the matter. He further opined that a potential need for an updated evaluation may be necessary.
The court also heard from two of the children's therapists. The minor child Matthew presently sees Rachel Hyde-McGinnis of Groton, Connecticut, a marriage and family therapist. Ms. Hyde-McGinnis has counseled Matthew without any input or involvement from the defendant. Said therapy commenced on September 26, 2001. The child suffers from minor depression, ADHD and an adjustment disorder concerning his mother.
She advised the court that Matthew does not want to visit with his mother due to traumatic issues raised during the supervised visitation sessions. More recently, his conduct has improved, which parenthetically, coincides with a disassociation with his mother since their last AMPS visitation in October of 2002. She further stated that Matthew does not want to visit with his mother because "he cannot trust that visits would just be visits." The child is uncomfortable during the supervised visitation because of mother's questioning of the child. Multiple references to DCF and/or the State Police have occurred after visitation.
His counselor recommends that Matthew be permitted to see her exclusive of any involvement by his mother. She further recommends family counseling for all parties. If supervised visitation is ordered to continue, Matthew may be emotionally traumatized. She feels Matthew's wishes not to see his mother should be respected. The court finds that the mother's actions placing Matthew "in the middle" of the custody dispute has alienated him from her.
The minor child Andrew commenced therapy with Lisa Tommessen of CT Page 4421 Groton, Connecticut, a licensed psychologist. Andrew began therapy on May 20, 2002 with the last visit on December 16, 2002. Andrew has been diagnosed as suffering from depression. She stated that Andrew wants more supervised visitation with mom not unsupervised visits. She also felt that family counseling would be of an assistance. She also did not confer with the defendant during therapy sessions. She is also interested in keeping a trust relationship with her patient. The minor child Daniel is not in therapy. He enjoys the visits with his mother.
The court also heard from the family relations officer, Linda Yuhas. Ms. Yuhas submitted a report to the court dated November 29, 2002 (Attorney for the Children, Exhibit 3). She recommends unsupervised visitation on Saturdays from 9:00 a.m. to noon with visitation to increase from Saturdays from 9:00 a.m. to 6:00 p.m. after eight weeks. She also recommended holiday visitation on Easter, Thanksgiving and Christmas from 2:00 p.m. to 6:00 p.m. She does not recommend overnight visitation at this time. She also opposes any transfer of custodial rights to the mother.
The court also heard from the plaintiff and the defendant and her extended family. It is important to note that the defendant testified in a more cogent and clear manner than she did at the time of the initial trial. The record further reflects strides made by Ms. Noggle in therapy as reflected in the testimony of her therapist Mr. Morosky. Exhibits submitted by the defendant represent her completion of various programs for self-betterment, including but not limited to, the People Empowering People program (Defendant's Exhibit B), the Care Package Home Study Course (Defendant's Exhibit C), Certificate of Attendance from an education program before the Families United for Children Mental Health (Defendant's Exhibit D). She also testified concerning the completion of other programs and other volunteer work with people in need.
The plaintiff testified that he continues to work on a regular basis and provides a good environment to raise his three sons. His care of the children concerning physical, medical and emotional needs are more than adequate. The children are thriving as best they can in light of the existing acrimony and constant bickering between the father and mother.
Attorney Newson, on behalf of the children, concurred with the plaintiff's position. He recommends that sole custody remain with the father. The attorney for the minor child, Paige Quilliam, advocated her clients' position. She strongly opposes any change of the custodial orders on behalf of the defendant. Both recommended unsupervised visitation for Andrew and Daniel. CT Page 4422
The defendant mother bears the burden of proof in the prosecution of her motion to reopen and modify the judgment concerning custody and visitation. The defendant must prove a material change in circumstances existing since the date of the judgment; she must further prove that the modification is in the best interest of the children. Brubeck v.Burns-Brubeck, 42 Conn. App. 583 (1996).
The court concludes after hearing the evidence and reviewing the exhibits that the defendant has failed in her burden of proof as to the issue of custody. The court will not reopen the judgment and transfer any custodial rights to the defendant. The court has been satisfied that the minor children should remain under the sole custody of their father, the plaintiff. The defendant has filed many complaints to DCF that were unsubstantiated. She has further placed her children in a position that continues to be a source of emotional upheaval. Her visits have resulted in DCF and/or police intervention. The boys do not want to be interrogated. Andrew and David just want to see their mother. Matthew, Andrew and Daniel all need their mother. The defendant has also alienated third-party resources by her constant phone calling and intervention.
However, the court does feel that the defendant mother, Lois Noggle, has sustained her burden of proof concerning the issue of visitation. The court concludes that the need for prolonged supervised visitation at AMPS is no longer necessary. The court reopens the judgment and modifies the visitation taking into consideration the separate and distinct needs of the individual children. The court will not order Matthew to visit with the mother at this time. The court concludes that Matthew should continue in therapy with his counselor to deal with he everyday issues he must face while separated from any reasonable contact with his mother.
As to the two other minor children, Andrew and Daniel, the court concludes that mother's relationship must proceed on an unsupervised visitation. Both parents and their minor children shall meet in family therapy. The court will leave it up to Matthew's therapist as to when and how Matthew shall interact with his mother. It is the further direction of this court that the therapist for Matthew assists Matthew in reinstituting a relationship with his mother.
Therefore, in light of the evidence submitted to the court, the court denies mother's request to reopen the judgment to transfer joint and/or physical custody of the minor children to her. The court however does find that she sustained her burden of proof as to the issue of visitation. The judgment is reopened in accordance with the following orders:
It is hereby ordered: CT Page 4423
1. Matthew and Daniel shall continue in therapy with their present therapists until released from therapy or further order of the court.
2. The defendant shall continue with supervised visitation at AMPS as previously ordered until Andrew meets with his therapist and family counseling is instituted.
3. Andrew shall meet with his therapist as soon as possible. The therapist shall advise Andrew that future visitation will occur on an unsupervised basis.
4. Once Andrew has been so advised and family counseling is instituted, as provided in paragraph 5 below, the defendant mother shall have visitation with Daniel and Andrew on an unsupervised basis beginning Saturdays from 9:00 a.m. to noon for a period of eight weeks. After the completion of the eight weekly visits, said visits shall extend from Saturdays at 9:00 a.m. to 6:00 p.m.
5. The defendant mother shall have visitation with Matthew during the same days and times after Matthew has been counseled by his therapist and agrees to reinstitute visitation.
6. All three minor children and the plaintiff and defendant are hereby ordered to enroll in family counseling to address present and future issues concerning mother's visitation access with all three minor children. The counselor is directed to meet with mother, father and all three children to discuss the children's relationship with their mother. Said counselor is further directed to contact the individual therapists for each child to coordinate a future plan concerning visitation. The plan should be developed considering the best interest of the children. The family therapy shall continue on a bi-weekly basis until release from therapy by the therapist or further order of the court.
7. The family counseling therapist shall be a professional covered by father's Connecticare insurance. If there are no professionals available through Connecticare, the parties shall share the cost of therapy in accordance with the uncovered, unreimbursed percentages pursuant to the Connecticut Child Support Guidelines.
8. Defendant mother shall have phone contact once per week on Wednesdays at 7:30 p.m. with Andrew and Daniel, and Matthew, if Matthew so chooses. Extended phone contact will be discussed through family counseling. CT Page 4424
9. The defendant mother shall have further specific rights of unsupervised visitation on holidays of Easter, Thanksgiving and Christmas from 2:00 p.m. to 6:00 p.m. with the minor children Andrew and Daniel. Defendant mother shall also have visitation with Matthew on said days and times if the child so chooses.
10. The defendant mother is entitled to receive copies of all school and medical records exclusive of records from the children's individual therapists.
11. Dr. Bruce Freedman's fees for performing a psychological evaluation are hereby ordered paid by the State of Connecticut at State rates.
12. The guardian ad litem and attorney for the minor child fees should be paid by the State of Connecticut at State rates.
Devine, J. CT Page 4425